CASE 70—ACTION BY CHARLES SPEAKMAN AGAINST THE CHESAPEAKE
& NASHVILLE RAILWAY FOR PERSONAL INJURIES.—JAN. 29.

# Chesapeake & Nashville Ry. v. Speakman.

### APPEAL FROM ALLEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

LIMITATION—ESTOPPEL TO PLEAD—OBSTRUCTION OF ACTION BY DEFEND-
ANT.

Held:  1. Where limitations is pleaded by a tort feasor in its an-
swer, it is proper to plead in reply matter showing defendant
to be estopped to set up that defense.

2. Kentucky Statutes, section 2532, provides, *inter alia*, that when
a personal injury action accrues against a resident of the State,
and a prosecution thereof is obstructed by the defendant by in-
direct means, the time of obstruction shall not be included in
the period of statutory limitations.   A railroad company rep-
resented to an employe, who had been injured, that, if he would
not bring suit, they would give him a permanent job, pay him
for his time while sick, and pay for his injuries when their
extent was determined, and thereby induced him not to sue un-
til limitations had run, after which he was discharged, and
told that he would receive nothing further.   HELD, that the
company was estopped from pleading the statute.

HUMPHREY, BURNETT & HUMPHREY, FOR APPELLANT.

DISMUKES & BASKERVILLE, AND W. C. GOAD, OF COUNSEL.

### POINTS AND AUTHORITIES.

1. An acknowledgment of a tort, accompanied by a promise to
make amends therefor, does not suspend the operation of the
statute of limitations, and is not such an obstruction of the
prosecution of an action as contemplated by section 2532, Ken-
tucky Statutes.   Goodwyn v. Goodwyn, 16 Ga., 117; Buswell
on Limitations, sec. 37, p. 53; Angell on Limitations (6th ed.),
sec. 209, p. 219; Wood on Limitation of Actions, 133-4, sec. 66;
Oathout v. Thompson, 20 Johnson (Sup. Ct. of New York),
277; Thomasson v. Keaton, 1 Snead, 155; Hurst v. Parker, 1
Barns. & Alder Rep., 92 (vol. 18, The Revised Reports, p. 440);
Taylor v. Cranberry I. & C. Co., 94 N. C., 525; Galligher v. Hol-
lingsworth, 3 H. & McH. (Maryland), 122.

Chesapeake & Nashville Railway v. Speakman.

2. An acknowledgment of a tort and a promise to make amends might possibly be the basis of an independent action for a breach of contract, but they will not avoid a plea of the Statute of Limitations.    Hopperton v. L. & N. R. R. Co., 17 Ky. Law Rep., 1322.

### ADDITIONAL AUTHORITIES BY W. C. GOAD.

1. In support of contentions under first head:  Carden's Admr. v. L. & N. R. R. Co., 101 Ky., 115; C. & O. Ry. Co. v. Kelley's Admr., 20 Ky. Law Rep., 1239; L. & N. Ry. Co. v. Brantley's Admr., 21 Law Rep., 473; VanVactor's Admr. v. L. & N. Ry. Co., 23 Ky. Law Rep., 1743; Chiles v. Drake, 2 Met., 146; Rankin v. Turney, 2 Bush, 555; Board v. Jolley, 5 Bush, 86; Stillwell v. Levy, 84 Ky., 379.

2. In support of contentions under second head:    Act of 1838, 3 Stat. Law, 550, sec. 6; Kentucky Statutes, secs. 2516 and 2532; Coleman v. Walker, &c., 3 Met., 66; Kennedy v. Foster's Exrs., 14 Bush, 478; Black on Interpretation of Laws, p. 141; Chegary v. Mayor, &c., 13 N. Y., 220; Stone v. Stone, 1 R. I., 425; In re Swigart, 119 Ills., 83; City of Lynchburg v. Norfolk Co., 80 Va., 237; 75 Ga., 225; 19 Wis., 521; 49 Mo., 55; 35 Miss., 25.

LEWIS McQUOWN, for appellee.

### POINTS AND AUTHORITIES.

1. The statute of limitations can not be taken advantage of by demurrer, unless it appears on the face of the pleading, that the action is barred, and the plaintiff is not within any of the exceptions or savings of the statute.   Brandenburg v. McGuire, 105 Ky., 10; Rankin v. Turney, 2 Bush, 555; Stillwell v. Leavy, 84 Ky., 385; Wood on Lim, secs. 7, 8; Davis v. Ramage, 23 Rep., 1421.

2. The obstructions referred to in section 2532, Kentucky Statutes, which will avoid the plea of the statute, are (1) an act which would hinder the creditor from suing, notwithstanding his desire to do so, or (2) delay induced by fraud.   Newton v. Carson, 80 Ky., 309; Reid v. Hamilton, 92 Ky., 619; Davis v. Ramage, 23 Rep., 1421.

3. One who, by his conduct and fraudulent representations induces another to refrain from bringing suit, until the bar of the statutes is complete, is estopped from pleading the statute. Newton v. Carson, 80 Ky., 309; Davis v. Ramage, 23 Ky., 1421; Renackowsky v. Board of Com., 122 Mich., 613; Armstrong v. Levan, 109 Penn., St., 177; Wood on Lim. (note a) sec. 66.

4. One who procures an instruction to be given in all material respects, the same as the one objected to is precluded from

complaining.   Semple v. Hill, 2 Rep., 64; Arnold v. Garth, 10 Rep., 320; Clift v. Stockdon, 4 Litt., 215; L. & C. Co. Min. Co. v. Welburn, 11 Rep., 307; Smith v. Leforce, 14 Rep., 399.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, Charles Speakman, was a brakeman in the service of appellant, and while thus engaged was injured on July 22, 1899, by reason of a trestle giving away, precipitating the train some thirty feet to the ground below. The giving away of the trestle was due to the fact that the timbers had become rotten. While there is some conflict in the evidence as to the extent of his injuries, the verdict of the jury for $1,500 is not excessive, or palpably against the evidence. The instructions fairly submitted the questions of fact to the jury, and there is but one matter that we deem it necessary to notice at length. The action was not filed until January 5, 1901. The defendant pleaded limitation of one year. The plaintiff replied, in substance, that he had been prevented from bringing the action by the fraud of the defendant, and that it was estopped to plead limitation. We see no objection to the form in which the issue was raised. The matter set up in the reply was in avoidance of the plea of limitation made in the answer, and was properly pleaded in the reply. The court, by an instruction, aptly submitted to the jury the truth of these facts, and, they having found for the plaintiff, the question is, were the facts sufficient to stop the running of the statute? For, while the evidence was conflicting, the verdict in favor of the plaintiff is not palpably against the evidence. The facts referred to are as follows, the plaintiff's testimony being taken as true: Shortly after he was hurt, and while he was sick, appellant's superintendent represented to him that, if he would not sue the appellant, his time should be allowed to run on,

and his wages paid until he recovered; also that he would be paid by appellant for his injuries when time showed what their extent was; and he should have in its service a permanent position as long as he lived, or as long as the superintendent remained on the road. These promises were renewed from time to time until after the end of the year from the time he was hurt, and then he was told that they would pay him nothing, and that his claim was barred by limitation. It is shown by the proof that the company did keep him on its pay roll from the time he was injured until he left its service shortly before the bringing of the suit, and paid him full wages for the time he was sick. It was charged in the pleading that these representations and promises were falsely and fraudulently made for the purpose of inducing him to bring no action within the year, and that he was induced by them not to bring the action, believing that the promises were made in good faith, and would be kept. Appellee testified that shortly before the year ran out the promises were renewed, and he was requested to get up proofs for the payment of his claim, which he did, and submitted to the superintendent. These proofs are produced, but the superintendent says they were gotten up for a different purpose.

It is earnestly insisted for appellant that a promise to pay can only revive a contract debt, and that an acknowledgment of liability for a tort that is barred by limitation can not revive it. This is true, but the promises and representations here relied on were made before the claim was barred by limitation, and the question is, may the defendant be estopped, by conduct like this, from relying on the lapse of time during which, by such means, it prevented the bringing of the action? Section 2532, Kentucky Statutes, is as follows: "When a cause of action mentioned

in the third article of this chapter accrues against a res-
ident of this State, and he, by departing therefrom or by
absconding or concealing himself, or by any other indirect
means obstructs the prosecution of the action, the time of
the continuance of such absence from the State or obstruc-
tion shall not be computed as any part of the period within
which the action may be commenced." In Newton v. Car-
son, 80 Ky., 309 (4 R., 1), about the time the petition was
filed the surety in a note went to the plaintiff, and told
him that if he would not sue on the note, and save the de-
fendant any further cost, he would, during the next term
of the court, confess judgment. He thus procured the
plaintiff not to issue summons on the petition, and by
some feigned excuse or other protracted the matter until the
last day of the term, when, the statute having run, he
pleaded limitation. The court held the plea bad, and said
that to countenance such chicanery was to make the court
a secure means for perpetrating frauds. This rule was
followed in Reid v. Hamilton, 92 Ky., 619 (13 R., 849)
(18 S. W., 770). In Wood, Lim., section 66, the rule, as
relied on by appellant, is fully stated, but in note "a" to
this section (3d Ed.) it is said: "While an action of tort
can not be based upon or revived by a promise, yet, if the
defendant's conduct induces the plaintiff to refrain from
bringing an action of tort within the period fixed by the
statute, the defendant may be thereby estopped to rely
upon the statute." In Armstrong v. Levan, 109 Pa., 177,
1 Atl., 204, which was an action of tort like this, where
there was a plea of limitation, and a similar matter in
avoidance relied on, the court said: "The plaintiff in error
has given us an elaborate argument to show that a prom-
ise to pay after the statute has run will not revive a tort,
and has cited numerous authorities in support of this prop-

osition.  We concede his law to be sound.  His author
ities fully sustain this point.  The difficulty in his way
is that they do not meet his case.  It was not the ques-
tion of the revival of a tort by a promise to pay made after
six years.  The conversation referred to occurred before
the statute had run, and it was a distinct promise to pay
in consideration that the plaintiff below would not sue.
If, therefore, she relied upon this promise; if she was there-
by lulled into security, and thus allowed the six years to
go by before she commenced her suit—with what grace
can the defendant now set up the statute?  The promise
operated, not to revive a dead tort, but as by way of es-
toppel.  It has all the elements of an estoppel.  The plain-
tiff relied and acted upon it.  She has been misled to her in-
jury.  But for the defendant's promise, she would have
commenced her action before the six years had expired."
This case was followed and approved in Renackowsky v.
Board, 122 Mich., 613, 81 N. W., 581.  Hopperton v. Rail-
road Co. (17 R., 1322) (34 S. W., 895), is rested on the
ground that the reply there was insufficient, as the plain-
tiff had no right to consult his adversary as to when the
statute would run, and could not be allowed to plead ig-
norance of the law, even if wrongfully advised by counsel;
but the court added: "This averment, however, as coupled
with the promise to keep the plaintiff in its employ if he
would not sue, might be held sufficient if there had been
an averment that he had been retained in accordance with
the promise, and then discharged from the service, it be-
ing the inducement for him to forbear bringing his action."
What follows in the opinion in regard to the propriety
of an amended petition has reference to the case of the
plaintiff's recovering damages for a breach of the contract,
and not on his original cause of action.  In the case before

us appellee was retained in the service, in accordance with the promise. This was the inducement for him to forbear from bringing his action, and after the end of the year he was discharged from service. The suit here was brought on the original cause of action. The defense of limitation could not be presented by demurrer, and it was, therefore, unnecessary for the plaintiff to anticipate this defense in his petition, for the defendant might have chosen not to plead the statute. When it did plead it, it was proper for the plaintiff to reply, and set up the matter in avoidance of the plea, showing that the statute had not run. No matter need be set up in an amended petition which might not properly be put in the petition in the first place, and it was improper for the plaintiff in this case to have set up the matter relied on in the reply in his petition, unless he sought damages for the breach of the contract.

Judgment affirmed.

Judge Settle not sitting.