LEWIS *v.* JACOBS.

1. CANCELLATION OF INSTRUMENTS—DEEDS — FRAUD —WHAT CONSTITUTES.

Where defendant, the owner of an interest in certain lands, fraudulently induced his co-owner to believe he had found a purchaser for the lands, and that the property was less valuable than it was, and induced him to transfer his interest to a third party whom he represented to be acting for the purchaser, but who speedily transferred to defendant's wife, the transaction was fraudulent, and properly set aside.

2. FRAUD — MISREPRESENTATIONS — RELIANCE BY PARTY DEFRAUDED—DILIGENCE.

A defrauded party does not owe to the party who defrauds him an obligation to use diligence to discover the fraud.

3. DEEDS—ACCEPTANCE—PRESUMPTIONS.

Where a landowner conveyed the land to her agent for the purpose of facilitating the transaction by which they were defrauded, and on discovery of the fraud the agent repudiated the conveyance by which he transferred the land to defendant's agent, and reconveyed to his principal, the acceptance by the principal of her agent's deed of reconveyance will be presumed.

4. APPEAL AND ERROR—REVIEW—EXTENT—QUESTIONS NOT RAISED BELOW.

Whether the testimony of an agent of a party since deceased was incompetent under section 10212, 3 Comp. Laws, as amended by Act No. 30, Pub. Acts 1903, will not be decided, where the objection was not made in the trial court.

5. SAME — BRIEFS — SUPPLEMENTAL BRIEFS — QUESTIONS CONSIDERED.

Objections made in appellant's supplemental brief, not made in the original brief, will not be considered.

Appeal from Ontonagon; Cooper, J. Submitted June 16, 1908. (Docket No. 2.) Decided July 13, 1908.

Bill by William H. Lewis, trustee, against John H. Jacobs and others to set aside a deed on the ground of

fraud. From a decree for complainant, defendants appeal. Affirmed.

*Ball & Ball*, for complainant.

*M. J. Sherwood*, for defendants.

CARPENTER, J. Decedent, Alice S. Hill, and defendant John H. Jacobs, were the owners of certain land and standing timber thereon situated in Ontonagon county in this State. Said Alice S. Hill owned an undivided three-fourths and said John H. Jacobs owned the remaining undivided one-fourth. Said Alice S. Hill resided in Washington, D. C. Said John H. Jacobs resided in the city of Marquette in this State. By correspondence said Jacobs suggested to Mrs. Hill that she join him in selling the timber on said land, saying that he had a man who would buy all of it except the hard wood for $2,500. Mrs. Hill thereafter sent her son, defendant James Marshall Hill, to Marquette to confer with defendant Jacobs. In order that he might have full power to act she executed and delivered to him a warranty deed of her title. After reaching Marquette and conferring with defendant Jacobs, said James Marshall Hill executed a deed conveying the undivided three-fourths of the timber on certain of said lands to the Marquette National Bank and delivered it to said bank. This he did believing that defendant Jacobs was also transferring his interest and that said bank was simply acting as the agent of a third person. Said Jacobs did not in fact transfer his interest, and the title acquired by the Marquette bank was through his agency speedily transferred to his wife. Shortly thereafter the Hills concluded that they had been defrauded. Said James Marshall Hill re-conveyed his interest to his mother, Alice S. Hill, deceased, and defendant Jacobs was notified that the transaction was repudiated on the ground of fraud. In a few days thereafter said Alice S. Hill died testate leaving a will making the complainant her trustee. Subsequently, this suit in equity was instituted praying a re-

conveyance of said property. The case was heard upon testimony taken in open court and a decree rendered for complainant. Defendants appeal. The principal question is one of fact. Was the conveyance procured by the fraud of Jacobs? We have no hesitancy in saying that it was. He fraudulently induced said James Marshall Hill to believe that he was uniting with him in the sale and he also fraudulently induced him to believe that the property was less valuable than in fact it was. It is urged that diligence on the part of Hill would have discovered the fraud. This is answered by our own decision of *Smith* v. *Werkheiser*, 152 Mich. 177, wherein we say:

"A defrauded party does not owe to the party who defrauds him an obligation to use diligence to discover the fraud."

It is urged that there is no evidence that Mrs. Hill ever accepted the deed of reconveyance executed by her son James Marshall Hill. We answer this by saying that the law supplies this omission. Her acceptance is presumed. See *Kaufman* v. *State Savings Bank*, 151 Mich. 65; *Bangs* v. *Browne*, 149 Mich. 478; and *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264.

It is urged as Mrs. Jacobs died before this suit was tried that the testimony of James Marshall Hill was incompetent under that provision of section 10212, 3 Comp. Laws, as amended by Act No. 30 of the Public Acts of 1903, reading as follows:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives."

We do not feel called upon in this case to determine whether this provision rendered incompetent the testimony of James Marshall Hill. That objection was not made in

the trial court and cannot for the first time be made in this court.

We do not consider other objections made in the supplemental brief and not made in the original brief.

The decree is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.