## Loy v. Nelson, et al.

(Decided January 29, 1924.)

### Appeal from Jackson Circuit Court.

1. Limitation of Actions—Facts Held to Raise Estoppel to Plead Running of Statute.—Where son orally purchased land, but, being unable to pay for it, persuaded his mother to pay the price, representing that he would have it conveyed to her, but in fact had the premises conveyed to himself, and relying thereon she moved upon the premises, he and his heirs were estopped as against the mother to plead the running of the ten-year statute of limitations, though he recorded the deed to him, which would constitute constructive notice to the public.

2. Vendor and Purchaser—One Purchasing Land in Possession of Third Person Not Innocent Purchaser.—One purchasing land in possession of a third party, under a claim of right, was not an innocent purchaser.

3. Estoppel—Should be Pleaded and Proven.—Estoppel to be available should be pleaded as well as proven.

4. Limitation of Actions—Failure to Expressly Plead Estoppel Held Not to Prevent Consideration of Question.—In action to establish trust in land, where defendants pleaded the ten-year statute of limitations, the Court of Appeals could consider whether defendants were estopped to set up the statute, though the reply contained no plea of estoppel, where it stated all the facts fully, and the parties accepted the issues as joined, no prejudicial error resulting from the manner of pleading.

J. R. LLEWELLYN for appellant.

A. W. BAKER for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Mary Loy brought an equitable action against the heirs at law of her deceased son, Samuel Nelson, and one Hundley in which she alleged that she gave him the money with which to buy a certain described tract of land, under an agreement that he would purchase it for her and have the deed made to her; that he did so purchase it and represented to her that it was deeded to her, and that relying on these representations she moved on the land and has since occupied it and claimed it, but that without her knowledge or consent he fraudulently caused the title to be made to himself and retained the deed in

his possession and that she did not discover that he had done this until a short time before this suit was brought.

She further alleged that Samuel Nelson, deceased, had conveyed a small portion of the described land to the defendant, Hundley, and he was claiming title thereto. The prayer was that she be adjudged to have paid the consideration for the land and that defendants convey it to her, deed to be executed by the master commissioner. The answer was a traverse and a plea of the statute of limitation.

On final hearing the court was of the opinion that her cause of action was barred by the ten-year statute of limitation and dismissed her petition.

The evidence shows that Samuel Nelson owned a small farm in Jackson county, Ky., and some time in 1902 or 1903 purchased an adjoining tract for the sum of $200.00, of which he paid $80.00 in cash; no deed was made at the time and it does not appear that the contract was in writing. He cultivated this for a year or so and being unable to pay for it visited his mother, who at that time lived in Tennessee, and persuaded her to take over the contract at the price of $215.00, agreeing to have the deed made to her. She gave him that amount of money and he did pay the balance due on the purchase price and took a deed therefor in his own name on the — day of April, 1905, and had same recorded in the county clerk's office of Jackson county on the 31st day of March, 1906, carrying the deed home and putting it away at his house.

About the same time his mother moved on the land and has since been living upon it continuously, claiming it as her own and exercising undisputed ownership thereof. During that time Samuel Nelson, although living on the adjoining farm, made no claim to this tract of land but told several persons as to how the transaction occurred, saying that at his mother's death he was going to have the land, that his brother-in-law should not have it. The parties to whom he made these remarks seem to have been intimidated by him and feared to tell his mother of it. She was quite old and rarely went to the county seat, which was twelve miles distant, and did not learn the condition of the title until a short time before the death of her son, and this suit was brought shortly afterward. These facts were fully proven by several witnesses, including the son of Samuel Nelson, and are not denied by any one.

It will be observed that at the time of this agreement with his mother Samuel Nelson had no deed to the land, and it is not claimed that he had a prior written contract with the vendor. It thus appears that he purchased lands from a third party for his mother and paid the consideration with her funds and without her consent took the title in his own name, thus creating a resulting trust. This results from the fraud practiced and ordinarily an action for relief from fraud is barred by the ten-year statute of limitations.

As to whether this would be qualified by the fact that the plaintiff was put in possession of the property under a claim of right and has since retained such possession with her right recognized by Samuel Nelson presents an interesting question.

We need not determine the question whether these facts would create a continuous or subsisting trust against which the statute of limitations would not run, as we are of the opinion that under the circumstances such conduct could be properly relied on as an estoppel.

It is true that the recording of a deed constitutes constructive notice to the public, but in view of the close, confidential relations existing between the mother and son, of the fact that after the deed was made that he informed her that it was made to her, and that he was taking care of it at his house, and in addition thereto his placing her in possession of the land itself and acknowledging her title thereto, it appears that the old lady was lulled into a false sense of security. She was not required to examine the record or to make further inquiries, but had a right to rely on the information that he gave her as to what the record showed, and under these circumstances he would be estopped to plead the running of the statutes until such time as she received notice or was put upon inquiry of the facts. 10 R. C. L., Estoppel, section 139; C. & O. R. R. Co. v. Speakman, 114 Ky. 628; Newton v. Carson, 80 Ky. 309; 25 Cyc. 1016.

It is not claimed that the appellee Hundley is an innocent purchaser for a valuable consideration, nor could such contention be made, as his purchase, if not champertous, was at least made at a time when the old lady was in possession under a claim of right and under circumstances sufficient to put him on inquiry (Gates v. Shannon, 200 Ky. 387), so the same rule should apply to him

and to his co-defendants as was applicable to Samuel Nelson.

It is true that an estoppel to be available should be pleaded as well as proven, and that the reply contains no such plea, but all the facts are fully stated and relied on in the petition and issue joined and proof taken thereon. It would have been better practice to have pleaded it in the regular way, but the parties have accepted the issues as joined and are not prejudiced by the manner of pleading it.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.