ADLEY HUDSON *v.* H. S. SHOULDERS, *et al.*

(*Nashville,* December Term, 1931.)

Opinion filed February 13, 1932.

JESSE CANTRELL and J. R. SMITH, for plaintiff in error.

ROBERTS & ROBERTS, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The trial Judge sustained a demurrer invoking the one year statute of limitations to the declaration charging mal-practice. Hudson alleges employment of defendants and their negligent use of the X-ray, first in May, 1928, again in August, 1928, and at other later dates, and that following the August treatment he discovered redness and inflammation of the skin, apparent injury; that he called defendants' attention thereto, and that they, knowing otherwise, in the exercise of professional skill which plaintiff did not possess, falsely and fraudulently represented to him that no ill-effects or injurious results would follow the apparent burn, and thus concealed from him the truth that he had been injured by their negligence, as he proved to be seriously and permanently, until after the running of the statutory period.

It is insisted, first, that fraudulent concealment of a cause or ground of action will suspend the running of the statute, and this general proposition is well settled. In the late case of *Bodne* v. *Austin,* 156 Tenn., 365, this

Court recognized this rule, but held that it had no application in the absence of an allegation that the cause of action was known to the defendant and fraudulently concealed by him. It was therein said that mere ignorance and failure of the plaintiff to discover the existence of the cause of action within the statutory limitation would not prevent the running of the statute. Nothing in the opinion in that case, or in our other cases, extends the rule to a case where the plaintiff either knew, or neglectfully failed to discover his cause of action, that is, the infliction on him of actionable injury, within the statutory period.

Appellees here say that it appears from the declaration, (1) that plaintiff was advised of the alleged negligent injury immediately upon its happening, and (2) that if he failed to discover its serious effect within the statutory limitation it was his own fault. If the facts as alleged sustain either of these premises plaintiff is barred under well settled rules.

"A plaintiff cannot excuse his delay in instituting suit on the ground of fraudulent concealment of his cause of action, if his failure to discover it is attributable to his own neglect." *Texas & Pac. Ry. Co.* v. *Gay,* 86 Texas, at page 608.

█ We have in the case before us quite clearly an allegation of negligent actionable injury, and a charge that the actionable facts were fraudulently concealed. Does it appear that plaintiff was kept in ignorance by the defendants, and that he could not by reasonable diligence have discovered the facts?

This issue is close on this record. He admits that he discovered that his skin was "burned and blistered." This would seem to have put him on notice. But his claim

is that upon discovering this condition, the injurious effect or consequences of which he as a lay patient did not know and could not be charged with knowledge of, he promptly inquired of his physicians touching it, and was assured by them, despite their knowledge as professional men to the contrary, that this condition was in effect a mere incident of the treatment without serious or permanent injurious effects, and that he was thus lulled into ignorant security and so kept until after the running of the statute.

Learned counsel for appellees cite one case which is similar to the instant case on its facts in this regard, and in which a demurrer to the declaration invoking the statute of limitations was sustained. *Orr* v. *Robb,* 181 Iowa, 145. In that case plaintiff was burned by an X-ray, which was known at the time by plaintiff, and years later cancer developed as a result. The defendant told the plaintiff that the injury was temporary only. The Court appears to have viewed this statement as an expression of opinion only, and holding that the cause of action arose upon the burning, and that plaintiff knew of the burning, adjudged that the action was commenced too late; that the statute began to run from the discovery of the injury, and not from the discovery of its ultimate serious consequences. That case is to be distinguished from this on the facts in that therein the burn or wound appears to have been more evidently injurious than appears from the allegations in the instant case; so that the plaintiff there was more clearly put on notice at the time of the actionable wrong that had been committed on him.

The line of cases cited for appellees, illustrated by *Hahn* v. *Claybrook,* 130 Md., 179, reported and annotated in L. R. A., 1917-C, 1169, go no further than to hold (1)

that the statute begins to run when the injury is original-
ly inflicted by the negligent treatment of a physician,
and (2) that the patient is put upon notice so as to start
the running of the statute by evidences apparent follow-
ing the treatment of ill-effects; but neither in *Hahn* v.
*Claybrook,* nor the authorities cited in that opinion, or
annotated in the note following, have the courts dealt with
a case in which the declaration definitely charged such
a state of facts as are presented on the record now before
us.

Giving application to the rule that demurrers are not
favored, we are not of opinion that the plaintiff, on the
facts here alleged, should be charged with negligence in
failing to discover at the time, despite the positive as-
surances and representations of his trusted physicians,
who are definitely charged with knowing misrepresenta-
tion of the facts, that he had suffered actionable injury.

It results that the judgment must be reversed and the
case remanded for further proceedings.