## ADAMS v. ISON.

Court of Appeals of Kentucky.
June 20, 1952.

Harry M. Caudill, Whitesburg, for appellant.

Emmett G. Fields, John D. W. Collins, Whitesburg, for appellee.

STANLEY, Commissioner.

This appeal concerns the application of the doctrine of estoppel to a plea of the statute of limitations in a malpractice action. A demurrer to the plea of estoppel was sustained. The plaintiff rested his case on that ruling and suffered its dismissal.

The petition, filed February 22, 1949, alleges that in March, 1929, he had pneumonia and was treated by the defendant, Ison, a physician and surgeon in Blackey. In the course of the treatment, a rubber tube about six inches long was inserted in plaintiff's right lung. Through the alleged negligence of the defendant, the tube was left in the lung after an operation by Dr. Ison. The petition continues:

"Plaintiff states that about ten days thereafter, and immediately upon his discovery of the defendant's wanton and negligent act, he remonstrated with defendant, asked him to perform an operation to remove the said tube, and told him that unless he did so he would sue him for damages caused thereby; that defendant assured him no harm or injury would be caused him by the retention of the tube in his lung; that defendant told him the rubber would be taken up and absorbed by and into his body and that, in his professional opinion, no ill or adverse effects would, or could, result to plaintiff as result thereof * * * ."

Plaintiff alleged he relied on the statements of the defendant and did not bring suit. On June 15, 1948, he suffered a lung hemorrhage. It was soon discovered that the tube had not been dissolved by natural processes and was the cause of the hemorrhage. His right lung was removed. Damages of $16,500 were asked.

Defendant's general and special demurrers were overruled, and he pleaded the statute of limitations. Demurrer to the plea was overruled. Plaintiff replied that he had relied on the false statements of the defendant and pleaded the tolling of the statute and estoppel, repeating the averments of the petition above quoted. A demurrer to the reply was sustained.

The statute of limitation in a malpractice action is one year. KRS 413.140(1)(e). But KRS 413.190(2) provides:

"When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced."

The "other indirect means" of obstruction referred to must consist of some act or conduct which in point of fact misleads or deceives plaintiff and obstructs or prevents him from instituting his suit while he may do so. Reuff-Griffin Decorating Co. v. Wilkes, 173 Ky. 566, 191 S.W. 443, 444. The act or conduct must have been affirmatively fraudulent unless the fact represented was peculiarly within the knowledge of the wrongdoer or a fiduciary or trust relationship existed. Security Trust Co. v. Wilson, 307 Ky. 152, 210 S.W.2d 336.

The usual application is in a case where an injured employee was promised payment of expenses and for time lost or permanent

employment or a. satisfactory settlement if he would not sue. Chesapeake & Nashville Railway Co. v. Speakman, 114 Ky. 628, 71 S.W. 633, 24 Ky. Law Rep. 1449, 63 L.R.A. 193; Clover Splint Coal Co. v. Lorenz, 270 Ky. 676, 110 S.W.2d 457; L. & N. R. Co. v. Carter, 226 Ky. 561, 10 S.W.2d 1064.

■ The tolling statute has been on our books for many years, apparently coming from the mother state of Virginia. See Pickett v. Aglinsky, 4 Cir., 110 F.2d 628, 629, an interesting opinion by the eminent Judge Parker, construing a similar West Virginia statute. Such a statute is essentially a recognition in law of an equitable estoppel or estoppel in pais to prevent a fraudulent or inequitable resort to a plea of limitations. That such estoppel is applicable to preclude the defense of limitations in actions ex delicto in such instances or under such conditions is recognized in our cases cited above and by the great weight of authority. 53 C.J.S., Limitations of Actions, § 25; 34 Am.Jur., Limitations of Actions, Sec. 411; Notes, 74 A.L.R. 1318; 130 A.L.R. 10; 144 A.L.R. 215.

■■ It may be added that though deception is involved, bad faith, evil design or an intent by the wrongdoer to deceive or mislead or defraud in the technical sense is not essential. Under some circumstances the terms of the statute, KRS 413.140(2) may be more favorable to the injured party than equitable estoppel. As the wrongdoer may be absent from the state without a design to prevent suit, it would seem the same rule should apply to the other provision of obstructing prosecution of the suit "by any other indirect means." Under either statutory or equitable estoppel, however, the representation, or act, intentional or otherwise, must have been calculated to mislead or deceive and to induce inaction by the injured party. On the other hand, the representation or conduct must have been relied upon reasonably and in good faith and have resulted in prejudice from having refrained from commencing his action within the limitation period. 34 Am.Jur., Limitations of Actions, Sec. 412; Notes 130 A.L.R. 17, 49; 53 C.J.S., Limitations of Actions, § 25, p. 965.

■■ It may be noted there is no allegation that the plaintiff in this case had been under continuous treatment of the defendant until the removal of the tube. See Notes, 74 A.L.R. 1322, 144 A.L.R. 227. There can be no contention that the cause of action accrued at the time of the alleged negligent act giving rise to the liability, which was when the doctor is alleged to have left the rubber tube in the body of the plaintiff and not when he discovered or could have discovered by the exercise of ordinary diligence that the tube had not been absorbed by bodily processes. Carter v. Harlan Hospital Association, 265 Ky. 452, 97 S.W.2d 9; 70 C.J.S., Physicians and Surgeons, § 60; Bryson v. Aven, 32 Ga. App. 721, 124 S.E. 553; Byers v. Bacon, 250 Pa. 564, 95 A. 711. However, in accord with the general principles stated above the statute of limitations is tolled where the physician by concealing the facts of liability, delayed or prevented suit. Then the statute begins to run only when the fraud or concealment is revealed or the facts discovered or should have been discovered by the exercise of reasonable diligence by the injured patient. Concealment cannot be assumed; there must have been an affirmative act. Brown v. Grimstead, 212 Mo.App. 533, 252 S.W. 973; Pickett v. Anglinsky, 4 Cir., 110 F.2d 628; 41 Am.Jur., Physicians and Surgeons, Sec. 123. Under some circumstances the duty to disclose what the doctor knows may render silence fraudulent. Hudson v. Moore, 239 Ala. 130, 194 So. 147; Moloney v. Brackett, 275 Mass. 479, 176 N. E. 604 (summarized in Notes 144 A.L.R. 222, et seq.).

■ The relationship of a patient to his physician is by its very nature one of the most intimate. Its foundation is the theory that the physician is learned, skilled and experienced in the afflictions of the body about which the patient ordinarily knows little or nothing but which are of the most vital importance to him. Therefore, the patient must necessarily place great reliance, faith and confidence in the professional word, advice and acts of his doctor. It is the physicians' duty to act with the utmost good faith and to speak fairly and truthfully at the peril of being held liable for damages

for fraud and deceit. 41 Am.Jur., Physicians and Surgeons, Secs. 70, 73, 74; 70 C.J.S., Physicians and Surgeons, § 36; Cf. Walden v. Jones, 289 Ky. 395, 158 S.W.2d 609, 141 A.L.R. 105. Since the relationship of physician and patient begets confidence and reliance, a liberal attitude should be taken in behalf of the patient. No degree of deceit or fraud by the doctor to avoid legal liability for malpractice by enabling himself to set up the shield of the statute of limitations should be permitted. Schmucking v. Mayo, 183 Minn. 37, 235 N.W. 633; Groendal v. Westrate, 171 Mich. 92, 137 N.W. 87, Ann.Cas. 1914B, 906; Hudson v. Shoulders, 164 Tenn. 70, 45 S.W.2d 1072. We have so held in cases where the relationship was that of mother and son, Loy v. Nelson, 201 Ky. 710, 258 S.W. 303 and guardian and ward. Security Trust Co. v. Wilson, 307 Ky. 152, 210 S.W.2d 336.

██ In the present case the plaintiff alleged in substance and effect that after he discovered defendant's failure to remove the drainage tube from his lung, he asked him to do something about it, and told him if he did not, he would file suit for damages. The doctor replied in effect, "Don't file the suit for I assure you no harm will come from the tube. It will be dissolved by the bodily processes." Here was a misrepresentation, for the stubborn fact is that the tube was not dissolved over a period of 20 years. It is hard to believe that any doctor would in good faith make such an absurd prediction or prognosis. But we must, of course, in this opinion accept the allegation as speaking the truth. If good faith be ascribed, nevertheless, there was concealment or misrepresentation of a fact peculiarly within the knowledge, actual or constructive, of the surgeon. Because of the professional relationship, the patient had a right to rely upon that assurance. It may be noted again that that is the sole point presented by the demurrer. We are considering only the question of whether the plaintiff can get into court to try the independent, factual issue of estoppel or tolling of the statute of limitations by obstruction of the prosecution of the action for malpractice. We conclude that he can.

This conclusion is supported by Groendal v. Westrate, supra, 171 Mich. 92, 137 N.W. 87, where the evidence showed that the defendant had been the plaintiff's family physician for many years and the doctor had insisted that there was no dislocation of the patient's arm when, in fact there was. And by Hudson v. Shoulders, supra, 164 Tenn. 70, 45 S.W.2d 1072, holding that plaintiff's petition was good as against demurrer invoking the statute of limitations where it alleged that he was burned by X-Ray treatments and had relied upon the physician's representation that no ill effects or injurious results would follow and thus there was concealed from the patient the truth that he had been seriously and permanently injured by the negligence, which was revealed after the running of the statute of limitations. See also Trombley v. Kolts, 29 Cal.App.2d 699, 85 P.2d 541, note 144 A.L.R. 232.

The judgment is reversed with directions to overrule the demurrer.