**Hazel GILL, Appellant,**

v.

**James H. WARREN, Appellee.**

**No. 87–CA–494–S.**

Court of Appeals of Kentucky.

March 25, 1988.

Rehearing Denied May 27, 1988.

Stephen Robert Bodell, Paducah, for appellant.

Stephen E. Smith, Jr., Paducah, for appellee.

Before HAYES, LESTER and McDONALD, JJ.

McDONALD, Judge:

Hazel Gill has appealed from the judgment of the Fulton Circuit Court which sustained the motion of the appellee, James Warren, to dismiss Gill's complaint upon the ground that the action for damages incurred as a result of Warren's alleged legal malpractice was barred by the applicable statute of limitations, KRS 413.245.

Warren had previously represented Gill when in 1983 the Jackson Purchase Production Credit Association (JPPCA) filed a complaint against Gill in the Carlisle Circuit Court seeking recovery on two promissory notes. Gill sought Warren's representation in the JPPCA action, and Warren allegedly advised Gill not to file an answer. A default judgment was entered against Gill on January 19, 1984. On May 3, 1984, the Carlisle Circuit Court entered a judgment directing the sale of realty belonging to Gill which had secured the two notes in favor of JPPCA. The property was sold by judicial sale in June, 1984. This action for malpractice was commenced more than two years later on July 9, 1986.

The facts that Gill relies on for tolling the one-year limitations period are that after the default judgment was rendered, but before the realty was ordered sold, Gill entered into a contract for sale of the same property with Dale and Gayle Gupton. The Guptons breached the contract, and in May, 1984, Warren filed a complaint against the Guptons on Gill's behalf. Gill alleges that Warren assured him that the action against the Guptons "would undo the results" of the prior case brought by the JPPCA. Warren continued to represent Gill before and during the entire year after the judicial sale of the property. In his complaint Gill alleged that during this time he was "fully dependent" on Warren "for understanding of the nature and effect of the various legal proceedings." The case against the Guptons was set for trial on at least three occasions in 1985, but on July 15, 1985, Warren was allowed to withdraw as Gill's attorney and the case was dismissed. This malpractice action was commenced within one year of the termination of Warren's representation of Gill which was when Gill alleged he first became aware that he was wronged by Warren.

Warren did not answer the malpractice complaint but moved to dismiss the complaint, arguing it to be time barred. Gill did not dispute that his case was commenced more than a year from the entry of the default judgment or the judicial sale of his property; however, he argued that Warren was estopped from relying on the statute of limitations because of Warren's conduct and misrepresentations during the period he continued to act as his (Gill's) attorney. Gill specifically relies on the case of *Adams v. Ison*, Ky., 249 S.W.2d 791 (1952), in this regard. This issue was briefed. Affidavits and exhibits were filed of record. The trial court elicited testimony from Gill at the hearing on the motion. In its judgment the trial court determined that Gill knew he had been wronged when "knowledge of the [judicial] sale had reached him in person [June, 1984]," and that his claim was thereby time barred. The trial court did not address the issue of fraudulent concealment raised by Gill or

the significance of Warren's continued representation of Gill during the entire limitations period.

Although the case was disposed of on a motion to dismiss, as the court considered matters outside the motion, it must be treated as one for summary judgment. *Bowlin v. Thomas*, Ky.App., 548 S.W.2d 515 (1977). Thus, the judgment can be affirmed only if there is no viable issue of fact and if Warren is entitled to a judgment as a matter of law. *Paintsville Hosp. Co. v. Rose*, Ky., 683 S.W.2d 255 (1985), is the latest case of significance interpreting CR 56.03 by our highest Court. It gives us clear instruction that a litigant is entitled to go forward in the litigation based upon minimal, unrelated and unweighed material facts, either established in the record or reasonably anticipated to be proven.

■ It is provided in KRS 413.245 that an action for professional malpractice must be brought "within one (1) year from the date of the occurrence or from the date when the cause of action was or reasonably should have been discovered by the party injured." It has been decided that "knowledge that one has been wronged starts the running of the statute of limitations," not knowledge that the wrong is actionable. *Conway v. Huff*, Ky., 644 S.W.2d 333 (1983). Had Warren's professional relationship with Gill ceased upon the conclusion of the suit commenced by the JPPCA, the trial court would have been correct that Gill's malpractice claim was time barred. Generally, when one "discovers" that he has been wronged is a question of fact not appropriate for resolution on summary judgment. However, we believe Gill's knowledge of the judicial sale of his farm, necessitated to satisfy the default judgment, was sufficient knowledge that he was injured by Warren's advice as contemplated by the discovery rule incorporated in KRS 413.245. *See Graham v. Harlin, Parker & Rudloff*, Ky.App., 664 S.W.2d 945 (1984).

■ Gill, however, has asserted sufficient facts which raise issues directly bearing on Warren's entitlement to raise the statute of limitations as a bar to the action in the first instance. Considering the facts in the light most favorable to Gill, Warren, in his fiduciary role as Gill's attorney, led Gill to believe that the damages he had incurred could be reversed by Warren's continued efforts on Gill's behalf against the Guptons. Warren, in fact, filed suit against the Guptons and continued as the attorney of record until the one-year limitations period had run. Warren allegedly concealed the nature of the legal proceedings, the effects of the default judgment, and lulled Gill into inaction by promises that further litigation would cure his problems. Having been placed in a false sense of security, Gill was allegedly thus detoured from pursuing his cause of action by Warren's continued advice and representation. Clearly, if the facts are as Gill alleges, Warren would be estopped from asserting the statute of limitations as a bar to Gill's claim. As held in *Adams v. Ison*, *supra*, "No degree of deceit or fraud by the doctor to avoid legal liability for malpractice by enabling himself to set up the shield of the statute of limitations should be permitted." The scenario as alleged by Gill is even more appropriate for the application of estoppel than that presented in *Adams*, a case involving a doctor-patient relationship, as an attorney acts as a fiduciary, and "has the duty to exercise in all his relationships ... the most scrupulous honor, good faith and fidelity to his client's interest." *Daugherty v. Runner*, Ky.App., 581 S.W.2d 12, 16 (1979). To hold otherwise, to prevent a claim from being time barred, would require a client to hire a backup lawyer to continually review the work of the primary lawyer. We cannot visualize such an arrangement as reasonable under law or equity.

The facts in this case, as alleged by Gill and which, due to the procedural posture of the case, remain uncontradicted by Warren, illustrate the compelling need for further protection for the unwary and unsophisticated than that afforded by the discovery rule. Accordingly, many jurisdictions have adopted the "continuous representation rule," as defined in *Wall v. Lewis*, 393 N.W.2d 758, 762 (N.D., 1986), as follows:

As applied in legal malpractice action, the rule tolls the statute of limitations or defers accrual of the cause of action while the attorney continues to represent the client and the representation relates to the same transaction or subject matter as the allegedly negligent acts.

Such a rule would discourage the underhanded tactics allegedly employed by the attorney in the instant case to acquire immunity from suit for negligence. *See also,* Annot., 32 A.L.R.4th 260, 335–343 (1984). Nevertheless, Gill has not squarely raised this issue but instead relies on the estoppel argument. Therefore, we will forego the temptation to decide the issue as a matter of law and will reverse for a jury determination of the estoppel issue.

The judgment of the Fulton Circuit Court is reversed and remanded for proceedings consistent with this opinion.

Further, pursuant to 2.(a) of the order designating the case as a special appeal, the application of CR 76.20, CR 76.32 and other appropriate rules of civil procedure for further appellate steps is reinstated effective the date of this opinion.

All concur.