Case 6.—ACTION BY NANCY B. McLEMORE AND OTHERS AGAINST THE SEBREE COAL & MINING CO. FOR CAUSING THE DEATH OF THOS. J. McLEMORE, &c.— September 22.

## McLemore, &c. v. Sebree Coal & Mining Co.

Appeal from Webster Circuit Court.

JAMES W. HENSON, Circuit Judge.

From the judgment dismissing the petition the plaintiffs appeal.  Reversed.

1. Personal Representative—Action for Damages for Death of Decedent—While it is provided by sec. 241 of the Constitution and sec. 6 of the Ky. Stats., that the right to recover damages for the death of a person resulting from the death of another is in the personal representative, yet where the statute which gives him this right makes the widow and children of the decedent the beneficiaries, a wrongdoer should not be permitted by collusion and fraud to procure the appointment of an administrator and control him so as to defeat an action and recovery for the death of his intestate.

2. Same—In this action in which it is alleged appellee procured the appointment of an administrator for the purpose of defeating collection of the claim of appellant, and that such administrator failed and refused to bring suit, under sec. 24, Civil Code, the administrator may be made a defendant, and in such state of case the widow of the deceased having brought an action for damages it was error in the trial court to sustain a demurrer to her petition.

PROCTOR & HERDMAN, JOHN L. DORSEY and BOURLAND & HUNT for appellants.

### SUMMARY AND AUTHORITIES.

The widow and heirs may bring suit upon the administrator's refusal to do so, he being made a party defendant, the reason being stated in the petition. (Civil Code, sec. 24; Brunk v. Means, 11 B. Mon., 217; McChord v. Fisher, 13 B. Mon., 194;

Roberts' A'dm'r v. Eales, 10 Ky. Law Rep., 360; Loyd v. Loyd's Adm'r, '46 S. W., 485; Lusk v. Anderson's Adm'r, 1 Met., 428; Payne v. Pusey, 8 Bush, 564; Baxter v. Knox, 17 Ky. Law Rep., 489; Gibson v. Higdon, 15 B. Mon., 205; Ky. Stats., sec. 6; Constitution of Ky., sec. 241; Am. & Eng. Enc. of Law, vols. 23 and 27; 13 B. Mon.; 66 S. W.)

GORDON, GORDON & COX for appellee.

### SYNOPSIS.

1. The right of action, its nature and extent. The right of action is purely statutory; the widow and children can not sue, as the right is vested in the personal representative; they have no legal interest in the action.

2. The statute, sec. 6, Ky. Stats., must be strictly construed.

3. The rule ought not to be changed in this case.

4. Appellant's premises are founded on faulty allegations of their petition; it contains no sufficient statements of facts.

5. Appellants' authorities distinguished.

6. Appellants have other remedies open to them, which do not involve a change in law and precedent, and should pursue these remedies.

7. The petition does not state a cause of action for the death, and, therefore, appellants can not complain of the action of the court in sustaining the special demurrer, as the action would not lie, even if brought by a proper plaintiff.

### AUTHORITIES CITED.

Sec. 6, Ky. Stats.; sec. 241, Constitution; Gregory v. I. C. R. Co., 26 Ky. Law Rep., 76; L. & N. R. R. Co. v. Taafe's Adm'r, 21 Ky. Law Rep., 64; L. & N. R. R. Co. v. Kelley's Adm'r, 19 Ky. Law Rep., 77; L. & N. R. R. Co. v. Eakins' Adm'r, 20 Ky. Law Rep., 736; Van Vactor's Adm'r v. L. & N. R. R. Co., 66 S. W. R., 4; Parker v. Providence & S. Steamship Co., 14 L. R. A., 415-418; Thomas' Adm'r v. Maysville Gas Co., 23 Ky. Law Rep., 1879; sec. 3882, Ky. Stats.; Lexington v. Lewis, 10 Bush, 680; Gregory v. I. C. R. Co., supra; L. & N. R. R. Co. v. Jones, 34 So. R., 246; Kinkead on Torts, vol. II, secs. 468, 470, 471; 3 Blackstone's Commentaries, p. 327; Ockendon v. Barnes, 43 Iowa, 615; Century Dictionary; Black's Law Dictionary; Myer, &c. v. Dupont, 79 Ky., 424; Bliss on Code Pleading, 3d Ed., secs. 210, 211, 212; Jackson v. Rowell, 4 L, R. A., 638; Southal v. Farrish, 1 L. R. A., 642; sec. 24, Civil Code; Act of February 23d, 1846; Acts 1846, pt. 1, p. 53; Rountree v. Stephens, 8 Ky. Law Rep., 433; Davis v. Davis' Adm'r, 7 Ky. Law Rep., 42; Cook v. Farmers Bank, 16

Ky. Law Rep., 286; L. & N. R. R. Co. v. Sanders' Adm'r, 19 Ky. Law Rep., 1941; Linck's Adm'r v. L. & N. R. R. Co., 21 Ky. Law Rep., 1097.

OPINION BY JUDGE SETTLE—Reversing.

This action was instituted in the Webster Circuit Court against appellee, the Sebree Coal & Mining Co., by the appellant, Nancy B. McLemore, widow of Thomas J. McLemore, deceased, and their eight children (six of them infants, suing by their mother as next friend), to recover $25,000 damages for the death of the husband and father from a fall in appellee's mine shaft, alleged in the petition to have been caused by its gross negligence; the decedent being at the time an employe of appellee. In addition to stating a cause of action for the death of Thomas J. McLemore, the petition further avers in substance that after his death appellee, R. L. Claxton, was appointed, gave bond, and duly qualified as administrator of his estate; that his appointment and qualification as administrator were procured by appellee with the wrongful and fradulent intent to protect itself from liability for damages for its negligence in causing the death of Thomas J. McLemore; that Claxton was at the time of his appointment and qualification, and is now, in the employment of appellee, and has entered into collusion with it to prevent suit against it for the death of the decedent, and has refused to sue appellee for his death, though requested by appellants to do so; that he also refused to resign his administratorship with the fraudulent intent to defeat appellants' claim and obstruct their suit, for which reasons he was made a party to the action, and joined with appellee, the Sebree Coal & Mining Co., as a defendant. The appellees filed a special demurrer to the petition upon the ground of alleged misjoinder

of parties, want of capacity in the appellants to sue, and want of jurisdiction of the parties by the court. The demurrer was sustained by the lower court. Appellants failing to plead further, the petition was dismissed, and of that judgment they now complain.

The demurrer was sustained upon the ground that the action could not be maintained by the widow and children of the decedent, but should have been brought, if at all, by the administrator alone. It is insisted for appellees that the right to recover damages for the death of a person resulting from the negligence of another is confined by sec. 241, Const., sec. 6, Ky. Stats. 1903, and sec. 21, Civil Code, to the personal representative of the decedent; and that by the provisions of sec. 3882, Ky. Stats. 1903, he alone may "compromise and settle any claim or demand for damages growing out of injury to or the death of the decedent," and that inasmuch as appellants have elected to sue under the statute—that is, for the death of decedent—instead of at the common law, to recover for his sufferings, they are attempting to assert a demand for which only the administrator may sue. Undoubtedly the right of action in such a case as this is in the personal representative, but the statute which gives him the right of action as clearly makes the widow and children of the decedent the beneficiaries, for they take the damages recovered. The personal property of an intestate does not pass to or vest in the heir at law, but in the personal representative appointed as provided by law. If suit be necessary for the recovery of a demand due the estate of an intestate, it must be brought by the personal representative; but if he fail to sue the debtor, and refuse on demand of the heir at law to do so, the latter may bring the action by making the administrator a defendant. The same is true as to guardian

and ward, trustee and cestui que trust. This doctrine is supported by numerous authorities. (Brunk v. Means, 11 B. Mon., 216; McChord v. Fisher, 13 B. Mon., 194; Roberts' Adm'r v. Eales, 10 Ky. Law Rep., 360; Loyd v. Loyd, 46 S. W., 485, 20 Ky. Law Rep., 347.

The same rule obtains where an administrator or guardian refuses to defend an action against the estate of the intestate or ward, in which event the heir or ward may interpose and be permitted by the court to defend.

Indeed, this rule is recognized by the Civil Code, sec. 24 of which provides: "But if consent of one who should be joined as plaintiff can not be obtained, he may be made a defendant, the reason being stated in the petition."

No reason is perceived for not applying the foregoing wise and salutary rule to the case at bar. Indeed, a greater reason exists for doing so than in any of the cases cited, for here the averment is made, not only that the administrator has refused to comply with the demand made upon him by the widow and children of the intestate to sue appellee, Sebree Coal & Mining Co., but that he has entered into a fraudulent collusion with it to prevent the bringing of the action, that it may escape liability for the death of the intestate alleged to have been caused by its negligence, and, further, that the fraudulent collusion also went to the extent of procuring the appointment of the administrator for the purpose of preventing the bringing of the action. The demurrer admits the truth of the averments of fraud and collusion contained in the petition, and also the alleged facts manifesting the appellants' cause of action. The reason of the rule allowing the appellants to maintain this action by making the administrator a defendant is as

manifest as would be the injustice of refusing them the right to do so. A wrongdoer should not be permitted by collusion and fraud to procure the appointment of an administrator and control him, to defeat an action and recovery for the death of his intestate caused by the negligence of such wrongdoer, as here charged, and admitted by the demurrer.

Judgment reversed, and cause remanded, with directions to the lower court to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.