**Rebekah JACKSON, Appellant,**

v.

**Donald D. JACKSON et al., Appellees**

Court of Appeals of Kentucky.

May 23, 1958.

Ernest W. Rivers, Williams, Rivers & Melton, Paducah, Wilson & Freeman, Mayfield, for appellant.

George E. Overbey, Murray, Farland Robbins, Robbins & Cross, Mayfield, for appellees.

CAMMACK, Judge.

This action was instituted in January 1957 by the appellant, Mrs. Rebekah Jackson, against the appellees, Donald D. Jackson, Tommy Noonan, Mrs. Jerry Noonan, State Farm Mutual Automobile Insurance Company and Celina Mutual Insurance Company. Mrs. Jackson sought damages for personal injuries alleged to have been sustained by her in an automobile collision in Graves County on or about August 20, 1955. She was riding in Donald D. Jackson's car which collided with one being driven by Tommy Noonan. This appeal is from a judgment which sustained the appellees' motions to dismiss the complaint for "failure to state a claim because of limitations."

The appellant contends that the trial court erred in dismissing her complaint because (1) sufficient facts to create an estoppel or exception, and thus prevent the appellees' reliance on the Statute of Limitations, KRS 413.140, were alleged; and (2) an action based on fraud and deceit was alleged against the insurance companies.

Count I of the complaint set forth the occurrence of the accident in August 1955; charged negligence on the part of drivers Jackson and Noonan, and also damage to the appellant. Count II set forth that immediately after the accident employees of the defendant insurance companies told Mrs. Jackson of an agreement whereby the companies would settle the claims of persons riding in the respective cars insured by them and adjust the losses between themselves; and advised her that they could not settle her claim until she had been discharged by her doctors. Mrs. Jackson alleged further in Count II that on or about August 17, 1956, she approached the companies' agents and notified them of her understanding that her claim should be filed by August 19, 1956, whereupon the agents of the companies advised her that she had already filed a claim with them and that it was not necessary to institute a civil action. On or about September 5, 1956, she again contacted the agents, so she alleged, and was asked what amount she would require for settlement, but on September 19, 1956, the insurance companies denied liability on the ground that she had failed to institute a civil action against the appellees, Noonan and Jackson, within one year after the accident. In her final allegation Mrs. Jackson set out that she relied upon false and untrue representations made for the purpose of inducing her to refrain from instituting a civil action as her ground for an action against the insurance companies based on fraud and deceit.

In ruling on the appellant's first contention, the trial court said:

"* * * It appears from the Complaint that the plaintiff on or about August 17, 1956, knew that her claim should be filed by August 19, 1956, and that on September 19, 1956, the defendants denied any liability. Therefore under any construction of the conduct of the defendants the limita-

tions period could not have been tolled for more than two months, and the record herein shows the Complaint was filed in January, 1957, more than one year and four months after the accident upon which the claim was based, and well over one year even if the maximum period of obstruction claimed should be ignored in calculation of limitations."

■ We concur in the views expressed by the trial court. The action was filed too late. See Bryant v. Bryant, Ky., 246 S.W. 2d 457. The facts of the instant case are distinguishable from those in the case of Adams v. Ison, Ky., 249 S.W.2d 791, where there was an active concealment of the true facts of a patient's injury whereby the patient was prevented from instituting his suit in time.

■ The appellant's contention that an action based upon fraud and deceit may be maintained by showing that false representations induced one to refrain from instituting a civil action is, we believe, without merit. We have found no cases so holding in this jurisdiction. In other jurisdictions the decisions are not in agreement as to whether such an action can be maintained. See 23 Am.Jur., Fraud and Deceit, section 99. There is authority for the proposition that the action is not maintainable because the damages would be purely speculative when, of necessity, they would be based upon the possibility of having received a favorable judgment had the civil action been timely instituted. Whitman v. Seaboard Air Line R. Co., 107 S.C. 200, 92 S.E. 861, L.R.A.1917F 717. Other authority denies relief because such actions would allow recovering indirectly where direct recovery would not be allowed. Thomas v. Murray, 174 Okl. 36, 49 P.2d 1080, 104 A.L.R. 209.

In Desmaris v. People's Gaslight Co., 79 N.H. 195, 107 A. 491, an action based on fraud and deceit was allowed where active concealment of the facts surrounding the death of an individual caused loss of the right to institute an action for damages for wrongful death.

In the instant case the appellant knew the facts of the accident. The complaint shows that she knew it was necessary to act within one year if she planned to sue on her claim. Furthermore, the alleged representations were made to her by agents of her adversaries, and she was not offered something should she withhold suit. Hopperton v. Louisville & N. R. Co., 34 S.W. 895, 17 Ky.Law Rep. 1322.

Judgment affirmed.