Calvin L. BLACK et al., Appellants,

v.

Bernice MAGLINGER et al., Appellees.

Court of Appeals of Kentucky.

Sept. 12, 1969.

748

B. C. Green, Green & Connor, Owensboro, for appellants.

Marvin P. Nunley, Bartlett, McCarroll & Nunley, Owensboro, for appellees.

WALLIS DOWNING, Special Commissioner.

This is an appeal from a final order dismissing personal injury claims of Calvin L. Black, Leoma R. Black, and Cheryl A. Black filed against Bernice Maglinger and MFA Mutual Insurance Company, a corporation.

The action arises as the result of an automobile accident which occurred on March 5, 1966, but the complaint was not filed until March 4, 1968, approximately two years after the accident. The place of the accident was on the Owensboro Ohio River bridge, south of the Indiana State line in Daviess County.

The appellants seek damages as a result of the alleged negligence of the appellee, Bernice Maglinger. It is charged in the complaint that the adjuster for the appellee, MFA Mutual Insurance Company, made certain false and fraudulent statements of a character to deceive and mislead the appellants; that appellants believed the representations to be true and relied on 'them; and as a result thereof the complaint was not filed within one year from the time of the accident and within the purview of KRS 413.140(1)(a). It is claimed by appellants that appellees are deprived of the plea of the statute of limitation by reason of appellees' deceit and that the principle of equitable estoppel denies the right to a plea by appellees of the statute of limitation. The alleged false representations are promises that the claims would be settled when the extent of the injuries became known and the investigations completed and that an investigation was under way to determine whether the accident happened in Indiana or Kentucky. This latter allegation, while not dispositive of the issue, is of such a character as to put appellants on notice and should cause them, as reasonably prudent persons, to make their own investigation as to *lex loci delicti* and determine the law of the place of accident. The adjuster was their adversary. Heretofore this court has been called upon to decide whether the promise of the insurance adjuster to settle the claims is of a character sufficient to toll the statute of limitation, and the following cases deny the tolling of the statute in tort actions. Cuppy v. General Accident Fire and Life Assurance Corp., Ky., 378 S.W.2d 629; there was a dismissal on the ground that it was barred by the statute of limitation. Burke v. Blair, Ky., 349 S.W.2d 836; there was a trial and verdict for plaintiff, but this court held

that a judgment notwithstanding the verdict should have been sustained and that mere negotiations looking toward an amicable settlement do not afford a basis for estoppel to a plea of the statute of limitation. Pospisil v. Miller, Ky., 343 S.W.2d 392; there was a dismissal as there was no claim on which relief could be granted. The appellants rely on the cases heretofore cited and Louisville Safety Council, Inc. v. Hack, Ky., 414 S.W.2d 877, where the master continued to pay the wages of the injured employee, and Adams v. Ison, Ky., 249 S.W.2d 791, where the facts are in the exclusive possession of the defendant. These authorities are distinguishable on the facts.

It is claimed that the appellees contracted with appellants by definite and specific oral contract and agreement to pay all their medical expenses separate and apart from the personal injury claims and that in January 1967, within a year of the date of accident, at the special instance and request of the appellees, appellants presented to them an itemized list of said medical expenses totaling the amount of $4,163.79, and the appellants were assured, after the statement was presented, that a check would be forwarded to them and that the appellees' offer to pay said sum was a firm and definite offer to pay the specific sum of $4,163.79, and the offer was accepted by appellants.

 Brown v. Noland Company, Inc., Ky., 403 S.W.2d 33, is partially in point holding that the complaint therein failed to allege facts sufficient to warrant an estoppel against a plea of one-year statute of limitation on the tort claim of appellants and holding that the allegations amounted to an assertion that the appellants did not realize that Kentucky's limitation period for personal injury actions is one year as opposed to Iowa's limitation period of two years. In the same case the court regarded an alleged oral agreement as an allegation of an offered compromise and settlement of all claims, and the court reversed the case for further proceedings appropri-

ate for adjudication of the alleged contract. It is claimed herein by appellants that the amount of the medical payment was agreed to by the parties and agreed that it would be borne by and paid by the appellees. The right to recover under the complaint as amended on the alleged contract should not be disposed of on motion to dismiss the complaint as amended. The allegations in the complaint as amended are sufficient in that they do in detail adequately state the factual and legal basis of an enforceable claim for breach of contract. The statute of limitation in Kentucky on an oral contract is five years.

The trial court did not err in dismissing the personal injury tort claims of the adults. The court did err in dismissing the complaint as amended on the contractual claims for medical and hospital expenses. Therefore, so much of the judgment as dismisses the claims for personal injuries is affirmed, but the judgment is reversed with respect to the alleged contractual issue as to medical expenses for further proceedings consistent with the opinion.

All concur.