**Sherri M. MILLER et al., Appellants,**

v.

**Geri Lee THACKER et al., Appellees.**

Court of Appeals of Kentucky.

May 12, 1972.

Francis D. Burke, Joseph W. Justice, Burke & Justice, Pikeville, for appellants.

Jack T. Page, Stephens, Combs & Page, Pikeville, for appellees.

REED, Judge.

The issue presented by this appeal is whether the trial court correctly granted summary judgment in favor of the defendants in a personal injury action for the reasons that the action was barred by the one-year statute of limitations on actions for personal injury and the defendants were not estopped to rely on such defense.

Sherri M. Miller, who lived with her parents in Mississippi, visited some friends in Pikeville, Kentucky. During this visit she was injured in an automobile accident on July 24, 1967. Miss Miller was over 19 years of age at the time of her injury.

Under the law of Mississippi, the age of majority is 21. Mississippi's statute of

limitations on actions for personal injuries is six years. Under the law of Kentucky, of course, the age of majority is 18, and under KRS 413.140 the type of action asserted in this case must be filed within one year.

On the occasion of her injury, Miss Miller was riding as a passenger in an automobile owned by James Thacker and operated by Geri Lee Thacker who drove the automobile off the traveled portion of the road into a utility pole. Commonwealth Fire and Casualty Company of Louisville, Kentucky, was the liability insurance carrier for the Thackers. An action seeking to recover for Sherri Miller's personal injuries was filed in the Pike Circuit Court on May 16, 1969. The liability insurer assumed defense of the action for its insureds and filed an answer in which the affirmative defense of limitation was pleaded.

Thereupon, after some preliminary skirmishing, the complaint was amended with leave of court and the insurance company was added as a party defendant. The amended pleadings alleged that insurance adjusters acting on behalf of the liability insurer made false and misleading representations on which reliance was placed and which lulled the injured party into inactivity so far as commencement of her action was concerned. It was, therefore, argued by the plaintiff that the defendants were estopped to plead or rely on the Kentucky one-year limitations statute.

The defendants filed motion for summary judgment. Evidentiary material in support of and in opposition to this motion consisted of depositions of the insurance adjusters and the affidavits of Sherri Miller's parents.

The trial judge considered the evidence and concluded that under our decisions the necessary elements to constitute estoppel to assert the defense of limitations were absent. Summary judgment for the defendant, which in effect sustained the plea of limitations, was thereupon entered and the action was dismissed.

The plaintiff appeals and makes two principal contentions: first, that our former decisions on which the trial judge based his conclusion were wrong and should be reexamined; second, that even if we continue to adhere to those decisions the facts in this case distinguish it from those precedents. Therefore, the decision reached by the trial court was erroneous.

The facts which plaintiff claims create the estoppel are substantially as follows: twenty-four days after the accident the insurer's adjuster located in Pikeville wrote to Charles L. Miller, father of the injured girl. In this letter, the adjuster, G. L. Brock, stated in part that his purpose for writing was "to assure you that the Commonwealth Fire and Casualty Company, insuring Mr. F. J. Thacker and Geri Lee Raines Thacker, has all intentions of voluntarily paying *for the damages done to* your *minor daughter* as a result of this accident." (emphasis supplied). The letter also stated that the insurer had contacted General Adjustment Bureau in Jackson, Mississippi, and had instructed this adjustment office "to be of service and to be at your disposal *when medical attention* and corrective measures *have been* rendered and *completed* to Sherri." The letter also remarked: "We would like to impress you that the company is in favor of Sherri's having the best medical care, including any services that she needs from plastic surgery. We feel relatively sure that a representative from the Jackson Adjustment Bureau office will be in contact with you within the next two weeks for the purpose of showing our concern and a willingness *to do the right thing about* Sherri's injuries." The letter concluded with a statement that a copy of the letter was being forwarded to Sherri Miller's host during her visit in Pikeville "to reassure him that the Commonwealth Fire and Casualty Company is willing to acknowledge their obligations and approach a settlement at the proper time."

According to the affidavit of Sherri Miller's parents, Charles L. Miller and his

wife, several weeks after the accident an insurance adjuster employed by General Adjustment Bureau in Jackson, Mississippi, made an appointment with them to discuss the claim of their daughter. During this interview, Montgomery, the adjuster, assured Charles Miller that Sherri would have complete medical treatment and, according to Mr. Miller's affidavit, Montgomery stated: "Don't worry about a thing, everything will be taken care of." Again, according to Charles Miller, he specifically asked Montgomery about the time in which the claim would have to be adjusted. He stated his concern because the plastic surgeon had advised the family that it would be several months before plastic surgery could be undertaken. The injured girl's father alleged that on this occasion Montgomery stated in reply to this inquiry: "Don't worry about that. *There is no time element where plastic surgery is involved.* Don't worry about it. We want Sherri to have the very best and then *we will take care of the matter.*" Thereafter and until the expiration of one year, Montgomery repeatedly called the Millers on the average of once every second or third week to inquire about Sherri's progress and in the course of such calls gave repeated assurance that the company was in no way insisting on an adjustment of the claim until after the completion of the plastic surgery on Sherri Miller.

After a year had expired there was no further contact initiated by Montgomery. In February of 1969, Montgomery advised Sherri Miller's father that the claim had been barred by the Kentucky one-year statute of limitations. Montgomery testified that he conferred with the Millers but that they did not furnish him with any medical information and declined to sign an authorization for him to secure medical records and reports. According to Montgomery, Mr. Miller seemed to be upset because someone had told him that Kentucky had a one-year statute of limitations. Montgomery said he told Mr. Miller that he did not know what the statute of limitations in

Kentucky was and made no representation concerning our statute of limitations. Montgomery said he made a further contact with the Millers in the fall of 1967 to obtain medical records. He last met with the Millers in February 1969 at which time he advised them that the statute of limitations had run on the tort claim. According to Montgomery, Mr. Miller told him that he was not worried about the statute of limitations and had it under control.

Montgomery stated that he persisted in attempting to secure medical information concerning Sherri because the liability insurance policy had a contractual provision for payment of certain medical expenses. He categorically denied that he made any representation to the Millers concerning the duties, rights or obligations of Sherri Miller as to when she should file suit.

From the foregoing evidence it appears that two things are clear: First, an insurance adjuster represented to the Millers that their injured daughter was a minor. Under the law of Kentucky from which this communication emanated, that was simply untrue. Second, Montgomery stated and represented to Sherri's father that there was no time element involved where plastic surgery was necessary. Thus, we have two statements from representatives of the insurer, one originating in Kentucky, the other originating in Mississippi, both of which were untrue and would be calculated to reassure a reasonably prudent person that he need not look to assertion of a legal action in the event of disagreement until perhaps his daughter either was no longer a minor or at the very least when plastic surgery was completed. The entire course of dealing by the insurer was with the injured girl's father which confirmed and ingrained the impression that she was minor. The question then becomes whether this conduct created an estoppel to rely on the defense of limitations and if it did so to what extent.

It must be admitted that Kentucky is among the strictest jurisdictions in regard-

ing the statute of limitations as an absolute bar in the type of case with which we are confronted. In Hopperton v. Louisville & N. R. Co., Ky., 34 S.W. 895 (1896), the court held that the defense of limitations was not overcome by the fact that the plaintiff was mistaken as to the law though his mistake was caused by his reliance on the false representations of the defendant. The court said that the plaintiff had no right to rely on the statement of the defendant to the effect that the statute of limitations was two years rather than one year because the plaintiff should have consulted an attorney or someone whose interest was not adverse to his in regard to the subject matter. In that case, however, there was an allegation that the defendant had promised to keep the plaintiff in its employment and would pay him provided he would not within one year bring an action for his personal injuries but otherwise would discharge him. In its opinion the court remarked that if this representation had been acted on and had been properly pleaded it might have been sufficient to avoid the bar of the statute of limitations.

In Jackson v. Jackson, Ky., 313 S.W.2d 868 (1958), the court held that where the plaintiff knew that her claim for injuries should be filed within one year, but was told by the liability insurer's agent that it was unnecessary to institute a civil action, since she had already filed her claim with the company, plaintiff had no right to rely upon this representation of her adversary; her action filed thirteen months after the date of the accident was declared barred by the limitations statute. In Pospisil v. Miller, Ky., 343 S.W.2d 392 (1961), this court purported to follow the Jackson case and held that the plaintiff is presumed to know that an action for personal injuries is barred in one year by our statute of limitations. In the Pospisil case, the plaintiff claimed that the insurance adjuster told her that the company assumed and recognized its liabilities to the plaintiff and that a settlement would be made with her when the bills were all in and when she had fully

recovered. The plaintiff also said that the adjuster told her that she would in due course be fully compensated if she did not consult or employ an attorney. She did not consult an attorney until two years after the accident. In this case the court said that the insurance adjuster was her adversary and she had no right to rely upon his representations. The language in the Hopperton case which we have discussed was quoted with approval.

Cuppy v. General Accident Fire & Life Assurance Corp., Ky., 378 S.W.2d 629 (1964), represents another pronouncement concerning the problem. In the Cuppy case, the court held that mere negotiations looking toward an amicable settlement do not afford a basis for estoppel to plead the statute of limitations. In Black v. Maglinger, Ky., 444 S.W.2d 747 (1969), we held that where an insurance adjuster stated to the plaintiff that an investigation was under way to determine whether the accident happened in Indiana or Kentucky, and where the plaintiff alleged that the adjuster represented that all claims would be settled when the extent of injuries became known and the investigations were complete, the defendant was not estopped to assert the defense of limitations. Both the Cuppy case and the case of Brown v. Noland Company, Ky., 403 S.W.2d 33 (1966), involved the additional claim of contract not presented or argued by the parties to this appeal.

In Burke v. Blair, Ky., 349 S.W.2d 836 (1961), this court approved the general rule that a party may be estopped to plead limitations where he has induced inaction on the part of plaintiff by his false representations or fraudulent concealment. "However, the fraudulent action must be of a character to prevent inquiry or elude an investigation or otherwise mislead the party having cause of action, and such party is under the duty to exercise reasonable care and diligence." Burke v. Blair, 349 S.W.2d 836, 838.

In 20A Appleman Ins. L. & P., Sec. 11639, page 40, it is said: "The actions of an insurer in the course of defending a personal injury suit may raise an estoppel." It also stated later in the same discussion: "Where the insurer's acts have tolled the limitation period, it commences again to operate only from discovery of the fraud, or such time as the claimant, with reasonable diligence, should have discovered the fraud. Such acts would not excuse an unjustifiable delay . . . It must be shown that the claimant was caused to change his position by lulling him into false security, and causing him to delay or waive the assertion of his rights."

In Scarborough v. Atlantic Coast Line R. Co., 178 F.2d 253, 15 A.L.R.2d 491 (CA 4 1949), the defendant's claim agent made misleading statements to the parents of a minor concerning when the minor was required to bring suit under the Federal Employers Liability Act. The court rejected prior cases holding that a statute such as the Federal Employers Liability Act, which creates a new cause of action and specifies a time limit in which the new cause of action can be asserted, could not be tolled by estoppel. The court noted in this opinion that if the statute of limitations concerned had been a remedial one, such as is present in our case, there would have been no question that estoppel applied. The court found no basis for the previous distinction between a remedial statute of limitations and a substantive statute of limitations and specifically held that the doctrine that no one should profit by his own conscious wrong is too deeply imbedded in the framework of our law to be set aside by a legalistic distinction between the closely related type of statutes of limitations. The Supreme Court denied certiorari. See 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 343.

■ Our former cases illustrate the clashing policy considerations that are present. On the one hand there is a legislative mandate designed to prevent fraud by prohibiting the assertion of stale claims; on the other hand, there is the familiar policy consideration in favor of amicable settlements of disputes. Equity's right to prevent by estoppel the pleading of limitations is historic and well recognized. Perhaps we have been over stringent in some of our prior opinions. In any event, since cases differ on their facts and the relationship and relative bargaining positions of the parties change, we can come no closer than saying that the relevant inquiry should be whether or not under all the facts and circumstances the plaintiff was justified in relying upon the representations and activities of the insurance adjuster in delaying filing suit until time had run out. See "Settlement Negotiations as Estopping Reliance on Statute of Limitations", 29 A.L.R.3d 127.

■ In view of the total circumstances, which include: differing statutes of limitations, different statutes prescribing the age of majority, coupled with misrepresentations, either intentionally or negligently made, that the plaintiff was a minor, and that the authorized plastic surgery eliminated any time element in concluding a settlement, we hold that the plaintiff was justified in delaying the institution of the action until a reasonable time after the insurer gave notice of its intention to rely upon the expiration of the statutory limitations. This notice was communicated in February 1969 in Mississippi. Suit was thereafter filed in May of 1969 in Kentucky. This constituted reasonable diligence under the circumstances. We, therefore, conclude that the plaintiff was entitled to try her lawsuit and the defendant was estopped to rely upon the expiration of the Kentucky limitations period.

The judgment is reversed.

All concur.