Geri Lee Thacker FORD–COATES et al.,
Appellants,

v.

Sherri M. Miller FORNEA, Appellee.

Court of Appeals of Kentucky.

Oct. 26, 1973.

Stephens, Combs & Page, Baird & Baird, Pikeville, for appellants.

Francis D. Burke, Burke & Justice, Pikeville, for appellee.

STEINFELD, Justice.

Appellee Sherri M. Miller Fornea recovered a judgment in the amount of $25,000 for personal injuries she sustained in an automobile accident which occurred on July 24, 1967. On this appeal the only question presented is whether the jury award was excessive. We affirm.

It is unnecessary to state the facts of the accident as they are set out in Miller v. Thacker, Ky., 481 S.W.2d 19 (1972).

After the accident Mrs. Fornea was taken to the emergency room of the Methodist Hospital at Pikeville, where she was treated by Dr. Ballard W. Cassady. He stated that when he examined her she had a severe laceration above the right eye which required twenty-five stitches. This laceration, involving the eyebrow, forehead and supraorbital nerve, extended to the bone of the skull in the area above the eye and was completely through all layers of the skin. Additionally, Mrs. Fornea sustained injuries to her left elbow and left shoulder, and a fracture to three bones of the left foot.

After six days in Pikeville recuperating, Mrs. Fornea was taken to her residence in Jackson, Mississippi. On August 1, 1967, she saw Dr. James H. Hendrix, Jr., a plastic surgeon. Dr. Hendrix performed plastic surgery on the forehead scar on July 31, 1968. He testified that the results were good, but that there remained a visible scar which could be camouflaged fairly well with cosmetics.

On August 17, 1967, Mrs. Fornea saw Dr. Willard H. Boggan, Jr. She complained of a severe headache, some pain in her neck, and some abdominal discomfort. In November 1967, she was hospitalized because of persistent abdominal discomfort and headaches. X-ray examinations revealed a duodenal ulcer. Dr. Boggan, testifying by deposition dated August 19, 1969, stated "* * * that as a result of the accident, she did take a lot of silicilates for relief of headaches, and * * * this * * * coupled with the stress and strain of college work and the emotional stress and strain of the traumatic experience" were precipitating factors for the ulcer. He related the post-traumatic headaches to the accident and stated "she is continuing to have some problem with headache, and though this may diminish in severity and frequency, the fact that it has continued for two years would make me feel that she may have a long course of headache." By a later deposition dated August 29, 1972, Dr. Boggan stated that in December 1970, Mrs. Fornea was still complaining of headaches, that an examination conducted August 28, 1972, revealed she continued "to have some frontal and bilateral temporal headaches. She still is rather tense. She still has some abdominal discomfort and requires some antacids. * * * Her physical examination was satisfactory. She has a residual scar on her right forehead." He deposed that since she still has difficulty, she has not made a complete recovery from the headaches.

From this testimony and other heard by the jury, we are unwilling to say that the verdict for Mrs. Fornea was so excessive, if excessive at all, as to indicate that the amount was awarded through passion and prejudice. McBride v. Moss, Ky., 437 S.W.2d 726 (1969).

The judgment is affirmed.

All concur.