Laurin (Kitterman) DRAKE; Roberta (Kitterman) McDaniel; Elizabeth Kitterman, as next of kin, survivors and personal representatives of Robert Kitterman, Deceased; and Kenneth Peerenboom; Joseph Peerenboom; David Peerenboom; Jerry Peerenboom; Betty Peerenboom, as next of kin, survivors and representatives of Clarence Peerenboom, Deceased; and Edgar Adkins, Fay Adkins, Personally and as next friend of Deborah and Bradford Adkins, Infants, Plaintiffs-Appellants,

v.

**B.F. GOODRICH COMPANY,**
Defendant-Appellee.

No. 84–5665.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 22, 1985.

Decided Feb. 5, 1986.

Edward F. Harrington, Jr. (argued), Radolovich, Harrington & Levy, Louisville, Ky., for plaintiffs-appellants.

Stephen F. Schuster (argued), Ogden, Robertson & Marshall, Louisville, Ky., for defendant-appellee.

Before KEITH, KENNEDY and KRU-PANSKY, Circuit Judges.

KEITH, Circuit Judge.

Plaintiffs appeal the district court order granting summary judgment to defendant B.F. Goodrich Company (BFG) in these personal injury and wrongful death actions. In each of the three consolidated cases, the plaintiffs alleged that they and/or their decedents were exposed to toxic chemicals while they or their decedents were employees of BFG at its plant in Louisville, Kentucky. The plaintiffs allege that the defendant intentionally, with wanton disregard for the health of plaintiff and plaintiffs' decedents, concealed the serious health hazards associated with working in an environment containing vinyl chloride ("VC"). Plaintiffs allege that exposure to VC resulted in sickness, poisoning and emotional distress. In the cases involving Clarence Peerenboom and Robert Kitterman, plaintiffs allege that exposure to VC re-

sulted in the deaths of Peerenboom and Kitterman. The trial court refused to allow plaintiffs to amend their complaints to assert RICO violations. Furthermore, the trial court dismissed the plaintiffs' personal injury and wrongful death actions because they were barred by Kentucky statutes of limitation. We affirm the district court's judgment for the reasons set forth below.

### The Peerenboom Plaintiffs

In 1974, Clarence Peerenboom filed a workers' compensation claim stating that he had been injured by VC while working for BFG. Voluntary workers' compensation payments were made to him by BFG from 1974 to 1980 in the amount of $26,-388. Peerenboom died on October 16, 1980. His widow continues to draw weekly workers' compensation payments in the amount of $69.75. No personal representative for the estate has ever been appointed. When the workers' compensation complaint was filed, and again when the award was made, the Peerenbooms claim they were informed by BFG (workers' compensation personnel) and defendant's union attorney that they had no other legal course of action. On November 16, 1981, thirteen months after Mr. Peerenboom died, Mrs. Peerenboom filed suit as survivor and purported personal representative.

### The Kitterman Plaintiffs

On July 23, 1976, Robert Kitterman filed a workers' compensation claim stating that he had been injured by VC while working at BFG and that he discovered his condition in the fall of 1973. BFG contested the claim. The claim was denied because it was not a work related injury. Mr. Kitterman died on June 24, 1980. An autopsy revealed angiosarcoma of the liver. After his death, a workers' compensation award was made to his family. Like Mrs. Peerenboom, Mrs. Kitterman also dispensed with the administration of her husband's estate. No personal representative has ever been appointed for Robert Kitterman's estate. Mrs. Kitterman claims that she was advised on several occasions by agents of BFG, that she only had workers' compensation as a legal remedy. Mrs. Kitterman also contends the attorney for the defendant's union advised her that workmen's compensation was her exclusive remedy. Mrs. Kitterman filed this wrongful death action as the survivor and purported personal representative of Robert Kitterman.

### The Adkins Plaintiffs

In May 1974, Edgar Adkins filed a workers' compensation claim alleging that he was injured by exposure to VC and loud noise while working for BFG. In his application, he stated that he had liver and internal damage. Mr. Adkins sought counsel from his lawyer in 1974 regarding any other claims he might have against BFG. On April 14, 1982, eight years after he learned of the injury, Mr. Adkins filed this personal injury action. The Adkins' also claim that they were informed by the attorney for defendant's union that the only legal recourse they had for the injuries sustained by Mr. Adkins was workers' compensation.

### Procedural History

On January 13, 1984, BFG moved for summary judgment in all three cases based on the statutes of limitations for personal injury and wrongful death actions. In an attempt to avoid the statutes of limitations, plaintiffs moved to amend their complaints to include allegations based on the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"). The trial court granted BFG's motions for summary judgment in all three cases. The trial court also found that the plaintiffs presented no cognizable claims in their allegations regarding the RICO statute, and therefore denied their motions to amend initially and upon reconsideration. On appeal plaintiffs raise two issues. First, whether the district court erred in applying the statutes of limitations. Second, whether the district court erred in refusing to allow plaintiffs to amend their complaints to include RICO violations.

### I.

### KENTUCKY'S STATUTE OF LIMITATIONS

Plaintiffs argue that the district court incorrectly applied the statutes of limita-

tions for their personal injury claims and wrongful death actions. Moreover, plaintiffs argue that due to advice received from a union attorney and/or statements made by an employee in the employee relations department, BFG is estopped from relying on the statutes of limitations. We will address each of these arguments.

## A.

### Person Injury Claims

On appeal plaintiffs contend that the district court erred in barring the personal injury claims pursuant to the statute of limitations. We do not agree. Kentucky Revised Statutes § 413.140(1), provides a one year statute of limitations for personal injury claims. The statute begins to run from the date "the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Louisville Trust Co. v. Johns-Manville Products Corporation,* 580 S.W.2d 497, 501 (Ky.1979). The cause of action accrues on the date of the injury to the person even though the full extent of the injury is not known for years later. *Caudill v. Arnett,* 481 S.W.2d 668 (Ky.1972).

The district court found that plaintiff and plaintiffs' decedents knew of their illnesses, the reasons for them, and who caused them in the years 1973 and 1974. The district court also found that the plaintiff and plaintiffs' decedents filed workers' compensation claims specifically alleging that the claims were for injuries and illnesses suffered as a result of exposure to vinyl chloride and chemicals at BFG's plant. Since it is uncontested that plaintiff and plaintiffs' decedents discovered their injuries and that these injuries may have been caused by the defendant between 1973–1974, we find that the district court did not err in holding that the one year statute of limitation had expired when plaintiffs filed suit in 1981 and 1982.

Plaintiffs argue that the statute of limitations begins to run not from the date of discovery of injuries and who was responsible for them, but rather from the date plaintiffs discovered that they had a cause of action. This argument was rebutted by the Supreme Court of Kentucky in *Conway v. Huff,* 644 S.W.2d 333 (Ky.1983). In *Conway,* the court held that the date with which the statute begins to run "obviously ... must be with the discovery that a wrong has been committed and not that the party may sue for the wrong." *Conway,* 644 S.W.2d at 334. Moreover, in *Graham v. Harlin, Parker & Rudloff,* 664 S.W.2d 945 (Ky.App.1983), the Kentucky Court of Appeals stated:

> Perhaps it's true that appellant did not know she had a cause of action at that time, but that is immaterial. The knowledge that one has been wronged and by whom starts the running of the statute of limitations ... not the knowledge that the wrong is actionable.

664 S.W.2d at 947.

Thus, we find that the district court did not err in holding plaintiffs' personal injury actions were barred by Kentucky statute of limitations. To hold otherwise could vitiate the statute of limitations by allowing a plaintiff to plead a stale case merely because he did not see "the right lawyer" at the appropriate time, or by allowing a plaintiff to endlessly shop for a lawyer until he found one willing to take his case.

## B.

### Plaintiffs' Wrongful Death Claims

Plaintiffs also contend that the district court erred in barring their wrongful death actions pursuant to the statute of limitations. Again we do not agree. Kentucky Revised Statutes Section 413.180 and Section 241 of the Kentucky Constitution both provide that actions for wrongful death "shall be prosecuted by the personal representative of the deceased person" unless otherwise provided for by law. Kentucky Revised Statute Section 411.130(1) provides that the "action shall be prosecuted by the personal representative of the deceased." It has been a long-standing requirement

that the action must be filed by the legal personal representative of the estate within one year. *Louisville & Nashville R.R. Co. v. Brantley's Administrator*, 106 Ky. 849, 51 S.W. 585 (1899). Further, if no valid personal representative is appointed within one year of the date of death, any action for wrongful death dies. *Fentzka's Adm'r v. Warwick Construction Co.*, 162 Ky. 580, 172 S.W. 1060 (1915). However, if a personal representative is appointed within one year of the date of death, he then is granted one year from the date of his appointment to file suit. If no suit is filed within that time, the action for wrongful death dies. *Brantley's Administrator*, 106 Ky. at 854.

Finally, in *Wheeler v. Hartford Accident & Indemnity Company*, 560 S.W.2d 816 (Ky.1978), the Kentucky Supreme Court stated:

> KRS 411.130 mandates that all actions for wrongful death be maintained by the personal representative of the deceased. The "wrongful-death statute" has been a part of the general laws of this Commonwealth since 1893. Courts have consistently held that the right of action is in the personal representative exclusively.

*Wheeler*, 560 S.W.2d at 819.

In the instant case, neither the Kitterman nor the Peerenboom plaintiffs complied with the above Kentucky requirements for appointing a personal representative. Clarence Peerenboom died on October 16, 1980. As the record indicates, on November 16, 1981, thirteen months after the date of death, the Peerenbooms filed suit. Although Mrs. Peerenboom signed a petition to dispense with administration of the estate, a legal personal representative of Mr. Peerenboom's estate has never been appointed.

Robert Kitterman died on June 24, 1980. The record shows that Mrs. Kitterman filed a wrongful death action in her individual capacity on June 23, 1981. Although Mrs. Kitterman dispensed with the administration of her husband's estate, Mrs. Kitterman has never been appointed the valid personal representative of her

husband's estate. *Vassill's Adm'r v. Scarsella*, 292 Ky. 153, 166 S.W.2d 64 (1942). Therefore, since there has never been a valid personal representative of the deceased in either case, we hold that the district court did not err in finding both wrongful death actions barred by the statute of limitations.

Plaintiffs next argue that there are situations in which the interests of justice outweigh the rigorous reading of the word "shall" in the statute, as when the personal representative refuses to bring action. (KRS 411.130 states that an action for wrongful death *shall* be prosecuted by the personal representative.) In making the above argument, plaintiffs cite numerous Kentucky cases, including *City of Louisville v. Hart's Admr.*, 143 Ky. 171, 136 S.W. 212 (1911); *Leach v. Owensboro City Ry. Co.*, 137 Ky. 292, 125 S.W. 708 (1910); *McLemore v. Sebree Coal & Mining Co.*, 121 Ky. 53, 88 S.W. 1062, 28 Ky.Law Rept. 25 (1905).

However, these cases are distinguishable from the case at bar. Unlike the plaintiffs in *City of Louisville*, *Leach* or *McLemore*, there is no allegation in plaintiffs' complaints that any personal representative here refused to bring action or perpetrated a fraud.

## C.

### *BFG Is Not Estopped From Relying On the Statutes Of Limitations.*

Plaintiffs next contend that BFG is estopped from relying on the statutes of limitations because they were allegedly told by "agents" of BFG that their exclusive remedy was under the workers' compensation statute. We also find this argument without merit. In Kentucky, the test of whether or not to apply estoppel to prevent a defendant from pleading the statute of limitations is set out in *Miller v. Thacker*, 481 S.W.2d 19 (Ky.1972). In *Miller* the court held that:

> [T]he relevant inquiry should be whether or not *under all the facts and circumstances* the plaintiff was justified in rely-

ing upon the representations and activities of the [defendant] in delaying filing suit until time had run out.

*Id.* at 23 (emphasis added). Moreover, under Kentucky law a plaintiff is not entitled to rely upon the representations of his adversary regarding the law, as opposed to facts or promises to take care of the plaintiffs' claims. *Pospisil v. Miller*, 343 S.W.2d 392 (Ky.1961). *Jackson v. Jackson*, 313 S.W.2d 868 (Ky.1958). To successfully estop the defendant from pleading the statute, the defendant's "fraudulent action must be of a character to prevent inquiry or elude an investigation or otherwise mislead the party having [the] cause of action, and such *party is under the duty to exercise reasonable care and diligence.*" *Burke v. Blair*, 349 S.W.2d 836, 838 (Ky. 1961) (emphasis added).

■ Plaintiffs argue that, because BFG "agents" told them that they had no other cause of action except for workers' compensation, BFG should be estopped from pleading the statutes of limitations. We disagree. In the present case, the alleged misrepresentations to plaintiffs Adkins and Kitterman were not made by employees or agents of the defendant. The only "agent" mentioned in those plaintiffs' affidavits is the attorney for the company union. Since that attorney was not an agent or employee of the company, we find that BFG cannot be estopped from pleading the statutes of limitations against the Adkins' and the Kittermans' stale claims.

■ Mrs. Peerenboom alleges that she was told by Karen Hicks, an employee of BFG in its employee relations department, that her only recourse was a workers' compensation claim. However, the alleged statement of Ms. Hicks is not "of a character to prevent inquiry or elude an investigation or otherwise mislead the party having the cause of action." *Burke*, 349 S.W.2d at 838. We believe that the plaintiffs were required to exercise reasonable diligence by consulting with their own lawyer to learn of the merits of their claims. Therefore, whether this statement was correct or incorrect, we find that the Peerenbooms

were not entitled to rely on the "legal advice" of BFG's employee relations department.

The cases relied upon by the plaintiffs are distinguishable. In both *Chesapeake and N. Ry. v. Speakman*, 114 Ky. 628, 71 S.W. 633 (1903), and *Miller v. Thacker*, 481 S.W.2d 19 (Ky.1972), the defendants or their agents misled the plaintiffs by promising compensation and then reversed their positions once the statute of limitations had run out. In the instant case, BFG, aside from paying Mr. Peerenboom's workers' compensation claim, has never promised the Peerenboom plaintiffs compensation.

Plaintiffs also incorrectly rely on *Louisville and Nashville Railroad Company v. Disspain*, 275 F.2d 25 (6th Cir.1960). In *Disspain*, an illiterate laborer injured his back while working on the railroad. The Louisville and Nashville Railroad Company sent him to its physician who told him nothing was wrong (a misrepresentation of fact—not law). It was only after the laborer visited another physician three and one-half years later that he learned of the damage the accident caused him. The court held that the defendant was estopped from pleading the statute of limitations. This allowed the plaintiff to bring suit when he discovered his injuries. However, the present case is clearly distinguishable. Not only are there no misrepresentations of fact, plaintiff and plaintiffs' decedents discovered their injuries seven to eight years before they brought suit.

Finally, plaintiffs argue that "[d]eliberate concealment by a defendant of the plaintiff[s'] cause of action will toll the statute of limitations." *Lashlee v. Sumner*, 570 F.2d 107, 110 (6th Cir.1978). However, we hold that the facts in the instant case do not indicate that BFG deliberately concealed plaintiffs' cause of action.

## II.

## RICO VIOLATION

■ Plaintiffs argue that the district court misconstrued the RICO statute when it refused to permit them to file their

amended complaints. We again disagree. Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." However, it is within the discretion of the court to grant or deny such leave. The district court stated that "[i]n another obvious attempt to forestall the running of the statute of limitations, plaintiffs have tendered amended complaints which attempt to assert a cause of action under the RICO statute," 18 U.S.C. § 1961, *et seq.* Since RICO does not give the plaintiffs cognizable causes of action here, we agree with the district court that the interests of justice were served by denying the right to amend. *See Louisville Trust Company v. Smith,* 192 F.Supp. 396 (W.D.Ky.1961).

RICO is designed to give prosecutors an additional weapon against organized crime and to help protect legitimate businesses from infiltration by racketeers. *See United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). We find that RICO is inapplicable to the instant case because the injuries complained of are not within the ambit of the statute.

> The relevant portion of RICO states: Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c).

At least one court has rejected the use of RICO in a personal injury case and has concluded personal injury actions are not within the ambit of the statute. *Van Schaick v. Church of Scientology of California, Inc.,* 535 F.Supp. 1125 (D.Mass. 1982). As of this date, no court has applied RICO to a wrongful death action. Thus, we agree with the district court that since the amended complaints state no cognizable claims, the interests of justice are served by denying the right to amend.

Plaintiffs, however, argue that since the language of RICO was borrowed directly from the Clayton Act, the phrase "injury to business or property" should be interpreted identically for both Acts. Plaintiffs rely on the United States Supreme Court's holding in *Reiter v. Sonotone Corp.,* 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979), that an expansive interpretation should be given to the phrase "injury to business or property". Thus, for purposes of the RICO statute, plaintiffs contend a cause of action should be granted to anyone suffering pecuniary injury as a direct result of a violation of RICO's substantive provisions.

We do not accept plaintiffs' broad interpretation of the RICO statute. The United States Supreme Court specifically stated in *Reiter* that: "The phrase 'business or property' also retains restrictive significance. It would, for example, *exclude personal injuries suffered.*" *Reiter,* 442 U.S. at 339, 99 S.Ct. at 2331 (emphasis added). In *Sedima, S.P.R.L. v. Imrex Company, Inc.,* — U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), Justice Marshall's dissent stated that: "[T]he statute permits recovery only for injury to business or property. It, therefore, excludes recovery for personal injuries." 105 S.Ct. 3292, 3297. Therefore, we find that the district court did not abuse its discretion when it denied plaintiffs' proposed motions to amend their complaints to include RICO violations.

For the foregoing reasons, we affirm the judgment of Honorable Charles M. Allen's dismissing plaintiffs' personal injury and wrongful death actions and the denial of plaintiffs' right to amend their complaints.