**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21−1834**

─────────────

JOHN N. TEETS; DEBRA TEETS,

        Plaintiffs – Appellants,

v.

MINE SAFETY APPLIANCES COMPANY, LLC; MOLDEX-METRIC, INC.,

        Defendants – Appellees,

and

GARRETT MINE SUPPLY, INC.; UNITED CENTRAL INDUSTRIAL SUPPLY COMPANY; AEARO TECHNOLOGIES LLC; AMERICAN OPTICAL CORPORATION; CABOT CSC LLC; CENTRAL SUPPLY, INC.; CORONADO IV, LLC; JOHN DOES 1-10,

        Defendants.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:19−cv−00195−GMG−RWT)

─────────────

Submitted:  October 3, 2022                   Decided:  October 25, 2022

─────────────

Before WILKINSON, HARRIS, and HEYTENS, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Guy R. Bucci, Ashley N. Lynch, Charleston, West Virginia; Michael B. Martin, MARTIN WALTON LAW FIRM, Houston, Texas; Johnny Givens, GIVENS LAW FIRM, PLLC, Ridgeland, Mississippi, for Appellants.  M. Trent Spurlock, Stephen J. Mattingly, DINSMORE & SHOHL LLP, Louisville, Kentucky, for Appellee Mine Safety Appliances Company, LLC.  Fred H. Krutz, Brian B. Hannula, Andrew J. Stubbs, FORMAN WATKINS & KRUTZ LLP, Jackson, Mississippi; J. Victor Flanagan, Daniel J. Burns, PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC, Beckley West Virginia, for Appellee Moldex-Metric, Inc.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2017, John Teets was diagnosed with coal workers' pneumoconiosis, also known as black lung disease. In 2019, John and Debra Teets brought this products liability suit against Moldex and Mine Safety Appliances Company (MSA), alleging that the companies' respirators failed to keep Teets safe from harmful coal dust. After the case was removed to federal court, the district court granted summary judgment for defendants, finding the claims time-barred under West Virginia Code § 55-2-12. The Teetses now appeal. The district court reached the right conclusion under West Virginia law, so we affirm.

## I.

John Teets was diagnosed with coal workers' pneumoconiosis (CWP) in 2017. He had been alerted to the possibility of CWP in 2001 and 2003 when he received letters from the government stating that x-rays showed scarring on his lungs. On April 24, 2017, Teets's own doctor diagnosed him with CWP. Four days later, with the help of his attorneys, Teets applied for Federal Black Lung benefits. Teets, however, did not bring a claim against Moldex and MSA until October 10, 2019, roughly two years and five months after his diagnosis. *Teets v. Mine Safety Appliances Co., LLC*, No. 3:19-CV-195, 2021 WL 3280528 at *2 (N.D. W. Va. July 28, 2021).

Teets claims that Moldex and MSA defectively designed respirators that caused him to inhale harmful coal dust and contract CWP. He also claims that MSA committed fraud by hiding information about whether their respirators were properly tested. The case was

3

removed to the United States District Court for the Northern District of West Virginia based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441.

Defendants moved for summary judgment, which the district court granted, finding the claims time-barred by West Virginia's two-year statute of limitations. W. Va. Code § 55-2-12. The district court concluded that, although "2001 [was] the more appropriate date to calculate the statute of limitations" due to the CWP notice letter Teets received that year, the Teetses knew of "the factual basis for their cause of action in April 2017 at the absolute latest." *Teets*, WL 3280528 at *3. So even accepting that Teets was not aware of his CWP until 2017, his claims still fell outside the two-year window. The court also found there was no showing of fraud to toll the statute of limitations. *Id.*

The Teetses appeal, arguing that the statute of limitations did not begin to run in 2017 when he was diagnosed. Rather, it began to run in 2019 when his attorney informed him of a possible causal link between his CWP and defendants' respirators. The Teetses also argue that MSA committed fraud regarding the testing and labeling of their respirators.

II.

We review a grant of summary judgment de novo. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). A court may grant summary judgment if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). Sitting in diversity, we apply substantive state law, and West Virginia law requires that a personal injury claim be brought within two years. W. Va. Code § 55-2-12. To decide if the statute of limitations bars a cause of action, West Virginia courts conduct a five-step analysis. *Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W. Va. 2009). Only the third and fourth steps are at issue here.

4

A.

The third step of the *Dunn* test requires courts to determine whether the discovery rule applies using the criteria set forth in *Gaither v. City Hospital, Inc.*, 487 S.E.2d 901 (W. Va. 1997). *Gaither* holds that, in "products liability cases, the statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know, (1) that he has been injured, (2) the identity of the maker of the product, and (3) that the product had a causal relation to his injury." *Id.* at 909–10. Whether a "plaintiff 'knows of' or has 'discovered' a cause of action is an objective test," focusing on "whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." *Ferguson v. Bayer Cropscience LP*, 468 F. App'x 262, 263 (4th Cir. 2012) (quoting *Dunn*, 689 S.E.2d at 265).

Here, the district court correctly determined the statute of limitations began to run in April 2017 at the latest. Regardless of what Teets knew in 2001 or 2003, it is undisputed that when he was diagnosed in 2017, Teets knew that he had been injured, that the inhalation of coal dust caused CWP, that he always wore respirators made by Moldex and MSA, and that the respirators would prevent CWP if they worked properly. Thus by 2017, Teets knew or should have known of the elements of a possible cause of action.

Teets claims he did not know he had a potential cause of action until he talked to his attorney in 2019 and was informed of the causal link between his injury and the respirators, making 2019 the year the statute of limitations began to run. But this reasoning contradicts West Virginia law. Once a plaintiff knows he is injured, "the facts surrounding that injury place him on notice," and "that plaintiff has an affirmative duty to further and

5

fully investigate the facts surrounding that potential breach." *Goodwin v. Bayer Corp.*, 624 S.E.2d 562, 568 (W. Va. 2005). Additionally, Teets is "charged with factual knowledge" rather than knowledge of "the legal basis for the cause of action." *Ferguson*, 468 F. App'x at 263. Given the undisputed facts in the record, as soon as Teets was diagnosed with CWP in 2017, he knew or should have known of a possible claim.

Moreover, allowing Teets to claim ignorance until he was told of a potential cause of action by an attorney would create an exception large enough to swallow the rule. This reasoning "could vitiate the statute of limitations by allowing a plaintiff to plead a stale case merely because he did not see 'the right lawyer' at the appropriate time." *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986). Permitting stale claims to circumvent the statute of limitations undermines the requirement of "reasonable diligence" to discover and bring suits within a given time. *Dunn*, 689 S.E.2d at 262.

B.

The Teetses also raise a fraud claim, which was pled as a separate count from the products liability claim. J.A. 35–36. They assert that a 2019 deposition of MSA's corporate representative in a different case revealed fraud regarding the testing of one of MSA's respirators in use decades ago. Out of this, the Teetses make two separate but related arguments. First, the Teetses assert that MSA committed fraud to conceal facts until 2019 that could have informed them of a products liability claim. Second, the Teetses allege that MSA committed common law fraud regarding their respirator testing and labeling.

Regarding the first fraud argument, under the fourth step of the *Dunn* test, the court must determine "whether the defendant fraudulently concealed facts that prevented the

6

plaintiff from discovering or pursuing the cause of action." *Dunn*, 689 S.E.2d at 265. The Teetses's speculative allegations, however, are too tenuous to rise to the level of a genuine dispute over whether there was fraudulent concealment. *See Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241 (4th Cir. 1982). Even assuming there was fraud decades ago, this does not excuse the fact that the Teetses still knew or should have known enough in 2017 to pursue a products liability claim.

Regarding the second fraud claim, West Virginia's statute of limitations for common law fraud is two years. *Alpine Prop. Owners Assoc., Inc. v. Mountaintop Dev. Co.*, 365 S.E.2d 57, 66 (W.Va. 1987). A "fraud claim accrues from 'the perpetration of the fraud,' or if 'there has been fraudulent concealment,' then 'the statute begins to run only from the time when the wrong was discovered.'" *CSX Transp., Inc. v. Gilkison*, 406 F. App'x 723, 731–32 (4th Cir. 2010) (quoting *Plant v. Humphries*, 66 S.E. 94, 98 (W.Va. 1909)). Here, the alleged fraud occurred well over two years ago because it concerned testing for a respirator in production and used by Teets in the 1970s and 1980s. Teets's only remaining argument is that the statute of limitations has not run because there was fraudulent concealment that kept it from being discovered until 2019. As discussed, the record does not support a plausible inference of fraudulent concealment by MSA. Therefore, the statute of limitations began to run when the fraud was ostensibly perpetrated, and it was perpetrated long ago.

The district court was correct to grant summary judgment because the claims are time-barred, and its judgment is therefore affirmed.

*AFFIRMED*